Fisk v. The State.

JOHN FISK, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1.  Criminal Law: ALLEGATIONS OF INDICTMENT. Where there are several counts in an indictment, in the first of which the *time* and *place* are specifically stated, it is sufficient to allege in the subsequent counts that the offense therein described was *then* and *there* committed.

2.  ———: SETTING ASIDE VERDICT. When there is not sufficient testimony to sustain a verdict, it will be set aside.

ERROR to the district court of Saline county. Indictment against John Fisk, containing three counts and charging him in substance:

1.  Rape on Maud A. Fancy, a woman.
2.  Rape on Maud A. Fancy, a female child.
3.  Assault with intent to commit a rape on Maud A. Fancy, a female child.

Motion to quash the indictment overruled; trial had before WEAVER, J., and a jury, at April Term, A.D. 1879; verdict of not guilty on first and second counts, and guilty on third count; motion in arrest of judgment

and for a new trial overruled, and prisoner sentenced to two years imprisonment in the penitentiary. He then sued out this writ of error.

*Hastings & McGintie*, for plaintiff in error.

*C. J. Dilworth*, Attorney General (with whom was *W. H. Morris*), for the State.

MAXWELL, CH. J.

The plaintiff in error was convicted in the district court of Saline county of an assault with intent to commit a rape, and was sentenced to imprisonment in the penitentiary for the period of two years. The count of the indictment upon which he was convicted is as follows:

" *Third Count*—And the grand jurors aforesaid, upon their oaths aforesaid, in the name and by the authority of the state of Nebraska, do further present, that John Fisk—or about the first day of November, A.D. 1878, in and upon one Maud A. Fancy, then and there being, unlawfully, violently, and feloniously did make an assault with intent then and there, her, the said Maud A. Fancy, unlawfully, forcibly, and against her will, feloniously to ravish and carnally know; she the said Maud A. Fancy, then and there being a female child other than the daughter or sister of him, the said John A. Fisk, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska.

" JOHN P. MAULE,

" District Attorney."

Time and place must be attached to every material fact averred. The exact time not being material, except where it enters into the nature of the offense. Wharton's Cr. Law, sec. 261, and cases cited.

The *place* where the offense is alleged to have been committed is a material allegation necessary to give the court in that county authority to prosecute the offense. Under section 412 of the criminal code, it is provided that no indictment shall be deemed invalid, nor shall the trial, judgment, or other proceedings be stayed, arrested, or in any manner affected    *    *    * for the want of an allegation of time or place of any material fact, when the *time* and *place* have once been stated in the indictment, etc. Gen. Stat., 816.

This question was before the Supreme Court of Ohio under a similar statute in *Evans v. The State*, 24 Ohio State, 208. The second count of the indictment charged the offense in these words: "The said Samuel B. Evans, on the day and year aforesaid, unlawfully, violently, and in a menacing manner, did assault the said Amelia B. Gilzer, then and there being, and her, the said Amelia Gilzer, then and there did beat, wound, and maltreat, and other wrongs to the said Amelia Gilzer then and there did, contrary to the form of the statute."

The court held that under section 90 of the criminal code, when there are several counts in an indictment, in the first of which the time and place are specifically stated, it is sufficient to allege in the subsequent counts that the offense therein described was *then* and *there* committed.

In the first count of the indictment in this case, it is distinctly alleged that the offense was committed in Saline county, and state of Nebraska. Such being the case, the allegation in the third count *then* and *there* are a sufficient designation of the time and place. The motion to quash the indictment was therefore properly overruled.

A more serious question arises upon the sufficiency of the testimony to sustain the verdict. It appears from the bill of exceptions that the prosecuting witness

had lived in the family of the accused for a period of over six years at the time of, the commission of the alleged offense. It also appears that she was eight or nine years of age at the time she came to reside with the family, her exact age being unknown. The offense is alleged to have been committed in September, 1878; that she continued to reside in the home of the accused until January, 1879; that she informed no one, as she testifies, of the alleged assault, until a few days before the finding of the indictment in April, 1879. Her testimony is of a very unsatisfactory character, and even if taken as true, fails to establish the charge. But to offset the testimony we have that of the accused, who denies the commission of the offense; also the testimony of his wife; the testimony of Lizzie Noble, who states that on the 9th of February last, "I told her (the prosecutrix) Mrs. Fisk said nothing to me, and I said I did not want to hear her trouble. She persisted in telling me, and said they abused her. I told her they had taken her as a child, and it probably had been necessary to correct her at times, and told her quite likely she thought she was abused. She said, 'I never thought I was abused until the neighbors told me I was.'" This is not denied.

The testimony of Miss Anna Graham was rejected by the court. The accused offered to prove by this witness that about two weeks before the trial the prosecuting witness said to her, "that she loved Fisk as a father, and he never did anything to her but what a father would .do." This certainly was proper testimony tending to impeach the prosecuting witness, and should have been admitted.

In addition we have a large number of witnesses who testify that the character of the accused in the neighborhood in which he resides, for morality and virtue, is good. Several testify that they have never heard

7

it called in question. This is evidence of good character. *State v. Lee*, 22 Minn., 407. *Matthewson v. Burr*, 6 Neb., 312.

Upon such testimony it is remarkable how a jury could have found a verdict of guilty. It is contended on the part of the state that the jury having passed upon the facts in the case, the verdict is conclusive upon that matter. A court that would shelter itself behind an erroneous verdict, to sustain a judgment that is *clearly wrong*, is unworthy of the name. But a mere difference of opinion between the court and jury is not sufficient to justify the reversal of a case. But where it is clearly wrong it will be set aside, and such has been the uniform holding of this court from its organization. *Seymour v. Street*, 5 Neb., 85. *The A. & N. R. R. Co. v. Washburn*, Id. 117. *Milton v. The State*, 6 Id. 136. *Matthewson v. Burr*, 6 Id. 312. In no other way can the rights of parties be protected. The jury may misconceive the issue, misunderstand the instructions, fail to analyze all the facts, or, in times of excitement, be unconsciously influenced by popular clamor; and unless the court will correct the wrongs, although they may involve loss of life, liberty, or property, they must go unredressed. As the verdict in this case is not sustained by the evidence, and is clearly wrong, the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.