# OLE ANDERSON, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

## [FILED MARCH 13, 1889.]

1. **Criminal Law**: SENTENCE. Under the provisions of the act approved March 31, 1887, it is made the duty of the supreme court in all criminal cases pending therein on error, where the sentence is excessive, to reduce the same and render such sentence against the person convicted, as is warranted by the evidence.

2. ———: MURDER: EVIDENCE: SENTENCE. To sustain a conviction of murder in the first degree it is necessary to show premeditation and deliberation on the part of the person convicted. Therefore, where the proof shows that the person convicted, killed another purposely, there being no proof of deliberation and premeditation, a verdict of murder in the first degree cannot be sustained, and it is the duty of the court either to reverse the judgment and remand the cause for a new trial, or render such a judgment reducing the sentence as is justified by the evidence, viz., imprisonment in the penitentiary.

3. ———: ———: ———. At common law, the intentional killing of a human being, without explanatory circumstances, is murder; but under section 4 of the Criminal Code, such killing is murder in the second degree. The first and second degrees of murder as provided in sections 3 and 4 of the Criminal Code, are intended to indicate the degree of the atrocity of the crime; but a verdict in either degree is for murder; and if the degree found is higher than is warranted by the evidence, the person convicted may as a right insist upon a modification of the sentence to conform to the proof, and it is the duty of the court to reduce the sentence and impose such sentence as is warranted by the evidence.

4. ———: ———: CONSTRUCTION OF STATUTE. The act referred to is remedial in its nature, and is intended to apply to all cases of a criminal character pending in the supreme court on error.

5. ———: ———: ———. The act of reducing a sentence under the statute of 1887, and rendering such a one as is warranted by the evidence, is in no sense a commutation nor the exercise of clemency. That is an act of grace to be exercised or not by the executive alone, in his discretion. But the reduction of a sentence and the imposition of a new one based upon the testimony, is a right

which every one convicted of a crime and upon whom a sentence higher than is warranted by the testimony has been imposed, may demand under the act referred to.

MOTION to modify sentence of plaintiff in error.

*J. L. Caldwell,* and *A. L. Warrick,* for plaintiff in error.

*William Leese, Attorney General,* for the state.

MAXWELL, J.

The judgment of the court below was affirmed in this case, and reported in 25 Neb. 550; but the statement was made at the time to the attorneys for the plaintiff in error, and to the attorney general, that as the proof failed to show premeditation, the sentence would be modified under the act of 1887 to imprisonment in the penitentiary for life. The plaintiff in error thereupon filed a personal petition for a modification of the sentence as prescribed by the statute. That act is as follows, including the title:

"An act to provide for the supreme court to reduce the sentence of persons convicted of crime, when pending in the supreme court on error, and to allow said court to render such judgment against such persons as may be warranted by the evidence.

"*Be it enacted by the Legislature of the State of Nebraska:*

"SECTION 1—That in all criminal cases that now are or may hereafter be pending in the supreme court on error, the said court may reduce the sentence rendered by the district court against the accused, when, in their opinion, the sentence is excessive, and *it shall be the duty of said supreme court* to render such sentence against the accused as in their opinion may be warranted by the evidence.

"SEC. 3—Whereas, an emergency exists: this act shall be in force and take effect from and after its passage.

"Approved March 31, 1887, Laws 1887, chapter 110, Comp. Stat. 1887, Criminal Code, section 509a."

This act was prepared by the attorney general, or at his request, and passed by the legislature, and was intended to apply to all crimes and offenses. The emergency clause was added so that the act would apply to a case then pending in the supreme court, where the plaintiff in error had been convicted of murder in the first degree without any proof of premeditation or deliberation. That case, however, was reversed upon other grounds, and is not now before the court.

Blackstone, in defining murder, has adopted the definition given by Coke: "When a person of sound memory and discretion unlawfully killeth any reasonable creature in being, and under the king's peace, with malice aforethought, either express or implied." (4 Blacks. Com. 195.)

Our statute defines murder as follows:

"If any person shall purposely, and of deliberate and premeditated malice, or in the perpetration, or attempt to perpetrate, any rape, arson, robbery, or burglary, or by administering poison, or causing the same to be done, kill another; or, if any person, by willful and corrupt perjury, or by subornation of the same, shall purposely procure the conviction and execution of any innocent person; every person so offending shall be deemed guilty of murder in the first degree, and upon conviction thereof shall suffer death." (Crim. Code, section 3.) "If any person shall purposely and maliciously, but without deliberation and premeditation, kill another, every such person shall be deemed guilty of murder in the second degree; and on conviction thereof, shall be imprisoned in the penitentiary not less than ten years, or during life, in the discretion of the court." (Section 4.)

In *Milton v. State*, 6 Neb. 136, the plaintiff in error was convicted of murder in the first degree without proof of deliberation and premeditation on the part of the prisoner, and the judgment was reversed for that cause alone. That case is cited with approval in *Fisk v. State*, 9 Neb. 66;

*Schlencker v. State*, Id. 303; *Simmerman v. State*, 14 Id. 569; *Ballard v. State*, 19 Id. 617. To convict of murder in the first degree, therefore, it is necessary to prove that there was deliberation and premeditation of the party charged with the crime before he committed the same.

An examination of the evidence in this case wholly fails to show premeditation and deliberation before the plaintiff in error committed the crime. Unless there is power in the court, therefore, under the statute, to reduce the punishment and render such a judgment as is justified by the evidence, it will be necessary to reverse the case, and remand it for a new trial.

Under our statute any person who purposely and maliciously, but without deliberation and premeditation, kills another, is guilty of murder in the second degree, and on a trial for murder, where the prosecution establishes against the prisoner an intentional homicide, and nothing explanatory is shown, malice is presumed, and at common law the crime would be murder, but, under our statute, murder in the second degree. (*Preuit v. People*, 5 Neb. 384; *Bohanan v. State*, 15 Id. 214.) If, therefore, the proof in a particular case should establish the fact that the accused committed the act purposely, and there being no explanatory circumstances, it would be the duty of the jury to find him guilty of murder, but in the second degree. If, however, the proof went a step farther and showed that before committing the act, he had premeditated and deliberated thereon, this would show a greater degree of guilt, and it would be the duty of the jury to find him guilty of murder in the first degree. The jury, however, must be governed by the evidence, and a finding made without evidence upon a particular point, if material, cannot be sustained. Under the statute the findings of the jury are not conclusive upon this court as to the degree of guilt, if the evidence fails to sustain the degree found by the jury. Therefore, if one is found guilty of murder in the first degree, but the proof

shows him to be guilty of murder in the second degree only, the court to that extent may disregard the finding of the jury, and render such a judgment as should have been rendered in the first instance, and save the county where the trial was had, the delay, expense, and annoyance, of a new trial. It being murder, but in the second degree, where the homicide is shown to have been purposely committed; and there being no further proof, the jury should have rendered a verdict in conformity to the evidence.

The finding as to the higher degree merely applies to the atrocity of the crime; a verdict in either degree is for murder. But it may be said that the jury having found that the crime was premeditated, and that therefore the punishment should be death, that the court cannot review this finding and render a new judgment based upon the evidence. If this were so the statute would be of no avail, as the court before the passage of the act had power to correct errors prejudicial to the accused. The act of 1887 is not restrictive in its terms, and no exception can be made without injecting words therein. Clearly it applies to all crimes, including all grades of murder. If, therefore, the jury find a party guilty of a grade of murder higher than is warranted by the evidence, the court, while sustaining the conviction of murder, may reduce the grade to conform to the proof. The whole theory of our criminal law is that punishment shall be based upon the degree of guilt proved, and that no severer penalty shall be imposed than is warranted by the evidence. Hence this court is given power to review the evidence, and is required to see that the punishment is not in excess of that justified thereby. Suppose, as in the case at bar, there is no proof of premeditation, yet the jury, not understanding the law, or carried away, it may be, by passion or prejudice, find a verdict of murder in the first degree: may the accused not insist as a right, upon a modification of the sentence to conform to the evidence? We think he may. In such case while the

evidence shows he is a criminal, yet his criminality, under the charge made against him, does not reach the higher degree found by the jury. ·The death penalty is to be imposed only in the cases mentioned in section 3 of the Criminal Code, and if the evidence fails to establish a case under that section, then the conviction to that extent is unjust, and punishment, if inflicted thereunder, would be an arbitrary exercise of power, but without justice. Courts act upon evidence, and are governed by it in determining the rights of parties; and this principle applies with ten-fold force where it is sought to impose a punishment of a much higher nature upon a party than the evidence shows should be inflicted. The legislature, therefore, to guard against reversals for want of evidence on a material point in particular cases, and also to prevent the infliction of a penalty upon a party which the evidence does not warrant, has empowered this court to review the evidence in any case pending therein on error, and reduce the sentence and render such a one as is justified by the evidence; and this act applies to murder in the first degree, the grade of which may be reduced to a lower degree to conform to the proof. The· statute is a remedial one, and like all statutes of that class, is to be liberally construed in favor of justice. The act of reducing the sentence and rendering a new one in accordance with the evidence, is in no sense a commutation of the former sentence. That can be granted only by the executive of the state, and is granted or refused as a matter of discretion. The reduction of a sentence, however, is a matter of right upon which the prisoner may insist when that imposed is in excess of what the evidence will justify. In other words, the statute makes it the duty of this court, when the proper proceedings are had, to review the evidence, and prevent the imposition of punishment which the evidence will not warrant. In the case under consideration, as the proof fails to show premeditation and deliberation of the plaintiff in error before he committed the

·crime, but does show that he purposely and maliciously committed the same, he is not guilty of murder in the first ·degree and should' not suffer death.   It is our duty, therefore, to reduce the sentence, in accordance with the statute, to imprisonment in the penitentiary during his life; and the sentence is so modified.

JUDGMENT ACCORDINGLY.

THE other Judges concur.