PAUL KLAWITTER V. STATE OF NEBRASKA.

FILED MARCH 8, 1906.   No. 14,464.

1. **Rape: EVIDENCE.** The rule is settled in this state that in cases of rape unless the testimony of the prosecutrix is corroborated on material points, where the accused testifies as a witness on his own behalf and denies the charge, her testimony alone is not sufficient to warrant a conviction. *Mathews v. State*, 19 Neb. 330.

2. **Evidence** examined, and *held* not sufficient to sustain the verdict of conviction.

ERROR to the district court for Pierce county: JOHN F. BOYD, JUDGE. *Reversed.*

*A. R. Olson,* for plaintiff in error.

*Norris Brown, Attorney General,* and *W. T. Thompson,* contra.

LETTON, J.

The plaintiff in error was convicted of rape on a female child with her consent.    To reverse this judgment he prosecutes error to this court.    The principal error relied upon is that the verdict is not supported by sufficient evidence.

The prosecutrix is a girl who was at the time of the alleged offense between 14 and 15 years of age.    She testifies that she first saw the defendant about the 1st of September, 1904; that about the 11th of September she was staying at the home of a Mr. Gutch in Pierce county; that two acts of sexual intercourse took place between her and the defendant with her consent, one while she was working for Mr. Gutch, and one a short time afterwards when she was at home and the defendant came there with a buggy and took her with him to a point near a Mr. Melchers.    Her story as to the second time is contradictory and inconsistent as to the place where she met the

7

defendant, and the whole of the circumstances as narrated by her seem somewhat improbable, yet if she had been corroborated by other credible testimony we should be constrained to support the verdict. The rule is settled in this state that in cases of rape unless the testimony of the prosecutrix is corroborated on material points, where the accused testifies as a witness on his own behalf and denies the charge, her testimony alone is not sufficient to warrant a conviction. *Mathews v. State,* 19 Neb. 330; *Oleson v. State,* 11 Neb. 276; *Fisk v. State,* 9 Neb. 62. But this rule is qualified by the other principle that it is not essential that she be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn. *Fager v. State,* 22 Neb. 332; *Hammond v. State,* 39 Neb. 252; *Dunn v. State,* 58 Neb. 807.

The offense charged is a serious one and the defendant, if guilty, merits the severe punishment inflicted, but, on the other hand, it would be a denial of the defendant's constitutional rights if he were committed to the penitentiary for a term of years without a fair trial, and unless his rights thereto had been properly preserved. The evidence of the prosecutrix is contradictory and somewhat improbable in itself. It certainly seems strange that this girl should go with a man almost a total stranger to her and submit herself to him upon his mere invitation. There is an entire lack of circumstances corroborative of the principal fact, and with the exception of the testimony of Dr. Myers there are no other circumstances proved which can in anywise be said to corroborate the testimony of the prosecuting witness as to matter of probative value. It is urged by the state that the testimony of her brother, a boy of 11 years, is corroborative of the prosecutrix, but his testimony is that the defendant came to their home with a buggy, and his sister went

with him, and he saw them come back again, while the girl herself on cross-examination describes specifically and with detail that on this occasion she and her sister went to Melchers, and found the defendant there, and that she. went with him from that place and did not go from home. She testifies that when they came home from Melchers two of her brothers saw and talked with the defendant, that when she went to Melchers her sister left her with defendant and went home alone, that after the second act of intercourse she told Mrs. Gutch about it, yet none of these persons were called as witnesses to corroborate her statements. If this evidence was within reach it should have been produced. The defendant is directly corroborated by the witness Melcher as to his whereabouts at the times charged. Further, this witness says that defendant had a team but no buggy at his place. No effort was made to prove that the defendant or Melcher ever owned a buggy or that there was a buggy used by defendant at or about that time. It is true that Dr. Myers testified that it was his opinion from what the girl's mother said, and from his examination of the parts on October 13, that the prosecutrix had had sexual intercourse, but this was a month afterwards and might be true and yet the defendant be innocent. Whether innocent or guilty he was entitled to have sufficient corroborative proof of the story of the prosecutrix so that a jury, not influenced by the prejudice which usually prevails in cases of this nature, should be convinced beyond a reasonable doubt of his guilt. Viewing the evidence as a whole, we are satisfied that it is not sufficient to sustain the verdict of conviction. Upon a new trial the state will have an opportunity to produce further corroborative evidence if the story of the prosecutrix be true.

But few objections were made by defendant's counsel to the introduction of evidence and few exceptions taken. No instructions were requested by the defendant, and the jury were not told that the evidence of the prosecutrix required corroboration. The defendant has not assigned

for review any errors of law committed at the trial and hence we cannot consider any of these matters, but deem it proper to say that cautionary instructions should have been requested.

The judgment of the district court is reversed and a new trial ordered.

REVERSED.