CHESTER FORCE V. STATE OF NEBRASKA.

FILED OCTOBER 4, 1920.   No. 21529.

1. **Rape:** CORROBORATIVE EVIDENCE.   "In a prosecution for the crime commonly called statutory rape, where the prosecuting witness testifies positively to the facts constituting the crime, and the defendant as positively and explicitly denies her statements, her testimony must be corroborated by facts and circumstances established by other competent evidence in order to sustain a conviction."   *Mott v. State,* 83 Neb. 226.

2. **Evidence** examined, and *held* not sufficient to sustain the verdict.

ERROR to the district court for Douglas county: CHARLES A. GOSS, JUDGE.   *Reversed.*

*John M. Berger* and *Albert S. Ritchie,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort, contra.*

ALDRICH, J.

This is a prosecution for statutory rape upon one Grace Knepper, in Douglas county, Nebraska, in January, 1920. The prosecutrix at the time of the alleged commission of the crime was 13 years of age. The record discloses that the prosecutrix remained over night on two successive nights at the home of defendant and his wife, where the alleged crime took place. There was but one bed in the room, and it was a very small room.

The defendant gave the prosecutrix a dress, for which he paid the sum of $1. Prosecutrix testified that defendant gave her the dress in consideration of the alleged sexual intercourse, but defendant and his wife both stoutly deny this. The defendant was a married man 50 years of age, and his wife 21 years old. The defendant and his wife occupied the same room in the house where the crime is alleged to have taken place. They occupied the same bed when the prosecutrix visited them at their one room apartment. The prosecutrix claims that after she got into bed with defendant the wife of defendant slept on the floor. There is testimony to the effect that it was a bitter cold night. Defendant assaulted her and had sexual intercourse with her at 12 o'clock p. m. and again the following morning at 5 o'clock a. m., according to the Knepper girl's story. The prosecutrix also testified that defendant had sexual intercourse with her in June, 1919, and that she expected to have intercourse with him in January, when she went there to stay all night.

Then, the issue at the outset is: Was she sufficiently corroborated in her evidence as to the alleged act of sexual intercourse? It is the settled law of this state that in a prosecution commonly called statutory rape, where the prosecuting witness testifies positively to the facts con-

stituting the crime, and the defendant as positively and explicitly denies her statements, her testimony must be corroborated by facts and circumstances established by other competent evidence in order to sustain a conviction. *Mott v. State,* 83 Neb. 226; *Klawitter v. State,* 76 Neb. 49; *Mathews v. State,* 19 Neb. 330; *Oleson v. State,* 11 Neb. 276.

Alleged circumstances claimed to corroborate her testimoney are: She had been there before; undressed and slept in the same room; expected to have intercourse with defendant on that occasion; defendant introduced evidence tending to show that Grace Knepper was previously unchaste; defendant bought her a dress; had a bottle of jamaica ginger and had a drink; had previously had intercourse with defendant. Now, these are essentially all of the facts alleged as corroborating the evidence of Grace Knepper. Is the evidence sufficient to justify a conviction? We think not.

As to the first proposition in corroboration, we are met with the testimony of Dr. Marcia L. Young. She testified that intercourse had been recent, within a few days, and takes as evidence of sexual intercourse with defendant the congestion of the perineum, the ruptured hymen and the presence of a whitish discharge on the parts that looked to her like semen. This statement on the part of witness is unreliable and unsatisfactory. In the first place, there is evidence in the record given by Dr. E. R. Porter, who has practiced medicine in Omaha for 20 years, that mere congestion of the perineum does not always mean sexual intercourse, and that the breaking of the hymen is practically the only thing that one could tell by. It is in evidence that the prosecuting witness had sexual intercourse on other occasions than the one complained of. If it is true, as the record tends to show, that she had had intercourse before, then it follows that the hymen was not ruptured on the occasion of the act complained of. What Dr. Young testifies as having the appearance of semen is unreliable and purely a guess; it having been shown that

semen after two or three hours would dry up and could only be identified by a microscopical examination. Dr Young made no such examination of the discharge, and none was ever made:

What Grace Knepper said to Mr. Carver, the truant officer, has little or no weight as corroboration. Mr. Carver testified that she made complaint to him, but, after all, it is really only what she herself said. On other occasions she claimed that defendant had sexual intercourse with her. Defendant, as we have said before, denies this, and it is simply her statement after all.

The claims that she had previously had intercourse with defendant are as positively denied by defendant as she alleged them. Then, on principle, this case comes clearly under the rule laid down in *Mott v. State, supra,*: "In a prosecution for the crime commonly called statutory rape, where the prosecuting witness testifies positively to the facts constituting the crime, and the defendant as positively and explicitly denies her statements, her testimony must be corroborated by facts and circumstances established by other competent evidence in order to sustain a conviction." This matter of corroboration is the law in this state, and it is our duty to follow it.

Thus we are led to say in conclusion on this phase of the decision that the prosecution fails to sufficiently corroborate the testimony of Grace Knepper, the prosecutrix.

It will be noted that Gladys Force, the wife of defendant, was also prosecuted for aiding and assisting her husband in the alleged commission of the act complained of. Now, the same evidence as to her guilt on this charge was submitted to the same jury, and the jury after hearing it found her not guilty. Then it follows that if she did not aid and abet the defendant in his alleged act of sexual intercourse, as the Knepper girl said she did, the defendant should at least be granted a new trial, because if it is insufficient as to her it is insufficient as to defendant.

We might have discussed and analyzed the instructions, but have refrained from so doing because the lack of corroboration is so obvious that the defendant must be grant-

Force v. State.

ed a new trial on this question alone. It would be unjust and wholly unsafe to society to take the unsupported evidence of a mere child devoid of modesty and moral principle, and apparently ever ready to tell an untruth. It is hazardous and dangerous to encourage it by belief in a case like this.

The alleged facts testified to by the prosecuting witness are so improbable and unnatural that they are well-nigh unworthy of belief, and especially when you take into consideration her boldness and immodesty and lack of shame and humiliation in the position in which she was placed by this complaint. The fact that a married woman is living with her husband occupying the position of husband and wife has some weight. Both the defendant and his wife stoutly and explicitly deny that this prosecutrix ever slept with defendant. It seems strange for a jury to believe for one purpose that Mrs. Force told the truth and on the same evidence in the next breath find the defendant guilty.

Thus it appears from all the evidence submitted in the record that the defendant is entitled to a new trial. The case is reversed and remanded and new trial ordered.

REVERSED.

ROSE, J., dissenting.

I adhere to the opinion expressed in my dissent in *Gammel v. State*, 101 Neb. 540, that corroboration of prosecutrix is unnecessary in proving rape. Evidence showing defendant's guilt beyond a reasonable doubt is all the proof required by law. There is nothing in the Constitution, the statutes or the common law adopted by the legislature to make corroboration essential to a conviction. The announcement of the rule in the first instance by this court in the absence of statute was an error amounting to an exercise of judicial power which did not come from any legitimate source. The unauthorized rule requiring corroboration should be abandoned.