JACOB HOGSETT V. STATE OF NEBRASKA.

FILED JANUARY 4, 1934.   No. 28656.

*Clyde Anderson* and *Hastings & Hastings*, for plaintiff in error.

*Paul F. Good, Attorney General*, and *Paul P. Chaney*, contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and CLEMENTS, District Judge.

PER CURIAM.

In a prosecution by the state in the district court for Chase county, Jacob Hogsett, defendant, was convicted of rape upon Mattie Redden, a female child fourteen years of age.   For that felony he was sentenced to serve a term of seven years in the penitentiary.   As plaintiff in error defendant presents for review the record of his conviction.

The principal ground urged for a reversal is the failure of the state to prove circumstances corroborating the felonious act to which prosecutrix testified. After two arguments on this point and examination of the evidence at two different times, the court is of the opinion that the position of defendant upon review is well taken. Prosecutrix testified directly to the felonious act at the time and place charged in the information and defendant as positively denied it. Corroboration essential to a conviction was insufficient for that purpose under the following rule of this court:

"In a prosecution for the crime commonly called statutory rape, where the prosecuting witness testifies positively to the facts constituting the crime, and the defendant as positively and explicitly denies her statements, her testimony must be corroborated by facts and circumstances established by other competent evidence in order to sustain a conviction." *Mott v. State,* 83 Neb. 226; *Force v. State,* 105 Neb. 175; *Larson v. State,* 110 Neb. 620.

For insufficiency of corroboration, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.