STATE OF NEBRASKA, APPELLEE, v. JAMES CARROLL WILLIAMS, APPELLANT.

160 N. W. 2d 201

Filed July 12, 1968. No. 36891.

Albert W. Crites, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The appellant, James Carroll Williams, pleaded guilty to the crime of robbery. After presentence investigation, he was sentenced to a term of 10 years in the Nebraska Penal and Correctional Complex. The sole issue raised on this appeal is the excessiveness of the sentence. We review under section 29-2308, R. R. S. 1943.

The appellant, between 4 and 5 p.m., on July 6, 1967, entered a store in Antioch, Sheridan County, Nebraska. He had a shiny instrument in his hand and threatened to kill the 87-year-old storekeeper if he did not open the cash register. The storekeeper opened one drawer of the cash register, and handed him one $10 bill. He demanded that the storekeeper open another drawer in the cash register and when the storekeeper told him he couldn't open that drawer without an instrument to open it with, the appellant struck the 87-year-old storekeeper twice, knocking him down. A companion of the appellant stood in the doorway and ignored the storekeeper's appeals for help. The appellant then pulled the telephone off the wall, took the money out of the cash register, and both men fled in an automobile. The storekeeper was hospitalized for approximately a week as a result of the blows inflicted by the appellant in the robbery.

The presentence investigation revealed that the appellant had at least six prior felony convictions and an extensive record of miscellaneous misdemeanor charges

and charges which were dismissed, several of which were for drunkenness. The record indicates that the appellant and his companion were chronic alcoholics, and were intoxicated at the time of the robbery.

The appellant contends that, in general, sentences in criminal cases are too long. He cites ABA Project, Standards Relating to Sentencing Alternatives and Procedures, Tent. Draft, 1967. However, those same standards recognize exceptions for particularly serious offenses. The standards, together with the Model Penal Code, also recognize the persistent offender as being in a particular category justifying additional penalties or extended terms of imprisonment. See, ABA Project, Standards Relating to Sentencing Alternatives and Procedures, Tent. Draft, 1967, comment, § 2.5 (b), (c), p. 83; Model Penal Code, §§ 6.06 to 6.09 and 7.03, Appendix B.

The appellant also relies on the rehabilitative needs of a chronic alcoholic. These arguments were essentially answered by the United States Supreme Court in Powell v. Texas (June 1968), 391 U. S. ——, 88 S. Ct. 2145, 20 L. Ed. 2d 1254. The appellant concedes that intoxication is no justification or excuse for crime.

The statutory range of sentence here is from 3 to 50 years. There is no evidence of current disparity of sentences nor that the particular facts here were not properly applied within the statutory range. We, therefore, adhere to the well-settled rule in this jurisdiction that where a sentence has been imposed by the district court within the statutory limits, it will not be disturbed in the absence of an abuse of discretion. See Nicholson v. Sigler, *ante* p. 24, 157 N. W. 2d 872. There was no abuse of discretion here.

AFFIRMED.