STATE OF NEBRASKA, APPELLEE, v. REGINALD COUNTRY, APPELLANT.

168 N. W. 2d 918

Filed June 13, 1969. No. 37111.

A. Q. Wolf and Thomas D. Carey, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

Defendant was charged in the district court for Douglas County with burglarizing the Keynote Bar in Omaha. The jury returned a verdict of guilty and defendant has appealed.

The evidence shows that on June 19, 1968, at approximately 1:30 a.m., defendant and one Harlan were taken into custody in the Keynote Bar by officer O'Brien of the Omaha Police Department. The plate glass window of the bar was broken and three bottles of wine were sitting outside the broken window. Both men were put under arrest and taken to police headquarters in a police car. Officer O'Brien asked defendant his name and he gave his name. Officer Gentleman attempted a conversation with Harlan who responded that he would not say anything without his lawyer. Officer Gentleman was asked if defendant said the same thing in his presence to which he replied: "Not in my presence, no." Defendant objected after the answer was given that the question was immaterial and prejudicial, and moved for a mistrial. No motion to strike the answer was made, but the trial court sustained the objection and overruled the motion for a mistrial. Defendant contends that the evidence was prejudicial by developing an inference of guilt from mere silence.

Defendant relies on State v. Whited, 182 Neb. 282, 154 N. W. 2d 508, and State v. Morgan, 182 Neb. 639, 156 N. W. 2d 799. These cases do not support the contention for which they are cited. In the instant case, it is

argued that the answer of officer Gentleman, "Not in my presence, no," to the question, "Did Mr. Country say the same thing in your presence?" leaves the inference that it was said to some one else and is therefore prejudicial. We see no merit in this. The sustaining of the objection by the trial court removed any possible prejudice to the defendant, assuming that prejudice otherwise existed, which appears doubtful.

The mere asking of such a question from a witness is not such misconduct sufficient to taint the entire proceeding and deny defendant a fair and impartial trial. State v. Hunt, 178 Neb. 783, 135 N. W. 2d 475; State v. Roan Eagle, 182 Neb. 535, 156 N. W. 2d 131.

We find no prejudicial error in the record and the judgment of the district court is affirmed.

AFFIRMED.