STATE OF NEBRASKA, APPELLEE, v. EDWARD STRONG, ALSO KNOWN AS EDDIE THOMPSON, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. JAMES RONALD STEVENSON, APPELLANT.
171 N. W. 2d 246

Filed October 17, 1969. Nos. 37297, 37298.

A. Q. Wolf and Lynn R. Carey, Jr., for appellants.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The defendants in these two cases were each convicted of the crime of burglary and each sentenced to a term of 10 years in the Nebraska Penal and Correctional Complex. Each of the defendants has appealed. These are separate actions, but involve identical issues arising out of the same transaction. They will, therefore, be discussed together.

The defendants were charged in separate informations on two counts with burglary and robbery on January 14, 1969, of a dwelling located at 4110 North Forty-third Street in Omaha, Douglas County, Nebraska, occupied by George P. Barker. Each defendant entered his plea of guilty to the charge of burglary after which the county attorney, with the consent of the court, dismissed the charge of robbery against each defendant. It is the contention of each defendant that he was given the maximum sentence of 10 years for burglary because of the trial court's consideration of the unproven charge of robbery in fixing the sentence.

It is clear that the dismissal of the robbery charges after defendants pleaded guilty to burglary was the result of a deal between the State and the defendants. The trial court knew of the arrangement and questioned each defendant and his counsel about it. Each defendant stated that he desired to plead guilty to burglary solely because he was guilty of that offense and that the agreed-upon dismissal of the robbery charge played no part in his decision to enter a guilty plea. Only after being convinced that each defendant understood thoroughly his rights and options, and the effect of the guilty plea, did the court accept the plea of guilty.

By securing the dismissal of the robbery charge by the deal made, referred to by the sophisticated name of a "plea bargain," each defendant was subject to one felony

sentence instead of two. There is no evidence that the sentence was to be any less than that imposed. The record is completely void of any evidence that the dismissed robbery charge played any part in the assessment of the sentence. The defendants are not in a position to assert their contention under these circumstances in the absence of affirmative evidence to the contrary.

The apparent reason for the imposition of the maximum sentences does appear in the record. After the arraignment and before sentences were imposed, the trial court became possessed of information concerning the conduct of the two defendants in perpetrating the offense which affected the extent of the moral turpitude involved. This is a duty imposed by statute. § 29-2217, R. R. S. 1943. The trial court discovered and so informed the defendants that in burglarizing the subject dwelling they had terrorized two crippled people by tying their arms to their wheelchairs, pushing them around, and threatening to kill them. They took out or cut the telephone wires, searched and ransacked the dwelling, and robbed the occupants of the dwelling. This information was not denied by the defendants and affords a proper basis for more severe sentences. This conclusion is supported by State v. Escamilla, 182 Neb. 466, 155 N. W. 2d 344; State v. Williams, 183 Neb. 395, 160 N. W. 2d 201; State v. Stock, *ante* p. 29, 165 N. W. 2d 111; and State v. Hake, *ante* p. 381, 168 N. W. 2d 270.

We find that there is no error in the record and the judgments of the district court are affirmed.

AFFIRMED.