STATE OF NEBRASKA, APPELLEE, v. ALVARO BRAVO ESCAMILLA, APPELLANT.

191 N. W. 2d 548

Filed November 12, 1971. No. 37965.

Alfred J. Kortum, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

A jury found the defendant guilty of the crime of robbery and he was sentenced to the maximum term of 50 years imprisonment.

This is the second time this case has been before this court. The facts are graphically set out in our former opinion. See State v. Escamilla, 182 Neb. 466, 155 N. W. 2d 344. That occasion involved an appeal from a plea of guilty and a sentence of 50 years. This court affirmed the conviction and sentence. Thereafter, in compliance with an order from the Federal District Court, the guilty plea was set aside on constitutional grounds, and the trial to a jury now before us followed. The trial to the jury established and confirmed the facts recited in the previous opinion of this court.

The defendant first complains that the court erred in refusing to instruct the jury as to the offense of assault with intent to inflict great bodily injury on the theory that it was a lesser included offense. The court did instruct the jury as to the lesser included offense of assault with intent to commit robbery but refused to instruct as requested by the defendant. It seems clear that a charge of assault with intent to inflict great bodily injury is not a lesser included offense to a charge of robbery. A lesser included offense is one which includes some of the elements of the crime charged without the addition of any element irrelevant to the crime charged. See State v. Jones, 186 Neb. 303, 183 N. W. 2d 235. Defendant's assertion on this count is without merit.

The defendant next asserts that a motion for mistrial made during the examination of a witness should have been granted. Robert A. Lacy, a police officer, had identified certain items of clothing as being the same ones he had found in the defendant's residence, and that he had sent them to the F.B.I. for examination. The follow-

ing, which constitutes the basis for defendant's assertion of error, then occurred: "Q * * * And how did you happen to go to the apartment, looking for these items? A They were — the items that Alvaro was wearing the night before — Mr. Kortum: (interjecting) We object to this as calling for a conclusion of the witness, and improper, and move for a mistrial. The Court: The objection is sustained. The jury will disregard the answer. Your motion is overruled."

It is clear that any possible error involved here was not prejudicial nor did it influence the jury to reach an improper verdict. Even if the questions were deemed improper, the asking of improper questions of a witness to which objections are sustained by the court does not constitute prejudicial error in the absence of a showing that defendant was thereby deprived of a fair and impartial trial. State v. Country, 184 Neb. 493, 168 N. W. 2d 918. A defendant is entitled to a fair trial but not a perfect one. State v. Kirby, 185 Neb. 240, 175 N. W. 2d 87. We find no error prejudicial to the defendant. If there was any error, it was harmless, was cured by the court's action, and is within the ambit of the quoted rule.

The defendant also contends that the evidence was circumstantial and was insufficient to support the verdict. To the contrary, the evidence of guilt was overwhelming. Except for the fact that the victim was unable to make an eyewitness identification of the defendant because she had been permanently blinded in the course of the crime, this case is about as strong as a case can be where there is no direct eyewitness identification.

The test by which a jury shall determine the sufficiency of circumstantial evidence in a criminal prosecution is whether the facts and circumstances tending to connect the accused with the crime charged are of such conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilt. Guy v. Doeschot, 183 Neb. 557, 162 N. W. 2d 524. The jury was

so instructed in this case and its determination of guilt is more than amply supported by the record.

The final contention by the defendant is that the sentence was excessive. Deliberately gouging out the eyes of a human being producing permanent blindness reflects a sadistic savage cruelty that is almost unbelievable. The facts and the basis for this court's view on the excessiveness of the sentence here are extensively set out in our former opinion. That view remains unchanged. The presentence investigation report now before the court shows that defendant's criminal conduct has occasioned almost continuous correctional confinement for him since he was 10 years old. It also shows a conviction and sentence for assault with intent to do great bodily injury which occurred since defendant has been in prison on the charge involved here. Unless an abuse of discretion appears, a sentence imposed by the trial court within statutory limits will not be disturbed on appeal. State v. Escamilla, *supra*.

The judgment of the district court is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.