STATE OF NEBRASKA, APPELLEE, v. DONALD LEE SANDERS, APPELLANT.

241 N. W. 2d 117

Filed April 14, 1976. No. 40339.

Frank B. Morrison and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before WHITE, C. J., McCOWN, NEWTON, and BRODKEY, JJ., and KORTUM, District Judge.

WHITE, C. J.

The defendant was found guilty of possession of a controlled substance, specifically lysergic acid diethylamide, or as it is commonly known, LSD, in violation of section 28-4,125, R. S. Supp., 1974. The defendant was sentenced to a term of 1 year in the Nebraska Penal and Correctional Complex. The defendant's sole contention on appeal is that the District Court committed error in refusing to grant the defendant's motion for a mistrial

based upon alleged remarks made by the prosecutor in his closing argument. We affirm the decision of the District Court.

The defendant asserts that the prosecutor acted improperly in his closing argument when he allegedly stated that the evidence showed the defendant to be a purveyor of drugs. The defendant, by mere assertion in his motion for a mistrial, alleged that the District Court reprimanded the prosecutor for making such statement, and, again by mere assertion, alleged that the prosecutor again referred to evidence showing that the defendant was "dealing dope." These statements, asserted in his motion for a mistrial, do not appear in the bill of exceptions or in the record. There is no claim that the defendant was deprived of his right to make a proper record and to prove the factual basis for the assertions in the motion for a mistrial.

"* * * statements constituting alleged misconduct of counsel in argument to the jury must be taken by the court reporter at the trial, together with the objections made thereto and the court's ruling thereon." Garska v. Harris, 172 Neb. 339, 109 N. W. 2d 529.

In Peery v. State, 165 Neb. 752, 87 N. W. 2d 378, this court said: "* * * statements to which exception is taken must appear in the bill of exceptions, and in the absence of such appearance there is nothing which becomes the subject of review." We further point out that this court cannot determine whether counsel was guilty of misconduct while presenting his closing argument to the jury where the bill of exceptions does not contain all the argument objected to. Melcher v. Murphy, 149 Neb. 541, 31 N. W. 2d 411. The defendant's contention is without merit.

Moreover, assuming arguendo the facts as the defendant contends, it seems clear that it was not prejudicial error to deny the defendant's motion for a mistrial. The record reveals that the evidence was overwhelming as to the defendant's guilt of mere possession. In this

case the allegedly improper statements are directly related to the charge of possession of a controlled substance, and according to the evidence résumé by the defendant himself in his brief, the facts readily support the inference that the defendant was in fact dealing in drugs. The large quantity of drugs, the individual packaging of the marijuana, the numerous hashish pipes, and the large quantity of LSD all support the inference that the defendant was in fact dealing in drugs. Under these circumstances, even though it is technically asserted that this evidence is irrelevant to the charge of mere possession, it effectively forecloses any claim of prejudicial error or injustice. A defendant is entitled to a fair trial, but not a perfect trial. State v. Escamilla, 187 Neb. 457, 191 N. W. 2d 548.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.