JOEL E. MORRILL, PLAINTIFF IN ERROR, v. JAMES M. TEGARDEN, DEFENDANT IN ERROR.

1.  Malpractice: PETITION.  Action for damages for alleged mal-practice; petition examined and held to state a cause of action.

2.  Evidence: HYPOTHETICAL QUESTIONS: EXPERTS.  If hypo-thetical questions are resorted to in the examination of expert witnesses, they must be so framed as to fairly reflect facts, either admitted or proved by other witnesses.  *O'Hara v. Wells*, 14 Neb., 403.   When this is done it will be sufficient.

3. **Trial:** VERDICT SUSTAINED. The jurors are the triers of fact in a cause tried to them, and their decision upon conflicting testimony cannot be set aside unless clearly wrong. Under this rule it is held that the evidence is sufficient to sustain the verdict.

ERROR to the district court of Merrick county. Tried below before POST, J.

*A. Ewing* and *J. W. Sparks*, for plaintiff in error.

*A. L. Reinoehl* and *John Patterson*, for defendant in error.

REESE, J.

At the commencement of the trial of this cause in the district court plaintiff in error objected to the introduction of any testimony, for the reason that the petition was insufficient and did not state a cause of action. The objection was overruled, to which plaintiff in error excepted, and now assigns said ruling as error.

The action was for damages resulting from alleged malpractice in reducing and treating a fractured limb. The petition alleges the fracture, employment of plaintiff in error (defendant below), the undertaking on his part, the carelessness, negligence, and unskillfulness complained of in reducing, binding up, dressing, and caring for the injury, by reason of which it was alleged defendant in error has nearly lost the use of said limb and is rendered unfit and unable to follow his lawful business, besides the extra expense incurred as special damages, etc., the whole damages being laid at $3,000. This petition substantially follows the forms and precedents given by Nash—see Pleading and Practice, 527—and is in harmony with other forms given by writers upon pleading and practice under the code, and no doubt states a cause of action. See also Bates' Pleading and Parties, 656; Estes' Pleadings, § 1876; Maxwell's Pleading, 4th ed., 303.

The objection to the evidence is in the nature of a demurrer to the petition, *Curtiss v. Cutler*, 7 Neb., 318, and of course admits all allegations of fact which are well pleaded. Therefore, if a demurrer to the petition could not have been sustained it is clear there was no error in the ruling of the trial court. Many objections to the petition are contained in the brief of plaintiff in error, and it abounds with suggestions of imperfections, such as that the petition does not show that the leg was stiff, sore, crooked, or what was the matter with it, and that it is not alleged in what way plaintiff in error was negligent or unskillful, whether the limb was bound too tightly or too loosely, or that it was dressed too often or not often enough, etc. All the foregoing is included in the allegation that the plaintiff in error so negligently and unskillfully reduced, bound up, attended, etc., the said fracture that the said plaintiff—defendant in error—by reason of such unskillfulness and negligence had nearly lost the use of his leg, and has been rendered unable to follow his business, etc. Had the allegations suggested by plaintiff in error been necessary a motion for a more specific statement of the cause of action under section 125 of the civil code might have been sustained, but as plaintiff in error answered to the merits without requiring such amendment his objection for that reason must be taken as waived.

The next point presented for decision is, that the court erred in allowing defendant in error to propound a hypothetical question to his witnesses which, it is claimed, did not reflect all the facts established by the witnesses, under the rule laid down in *O'Hara v. Wells*, 14 Neb., 403. The question is a very long one, and, so far as we are able to discover by a careful reading of the testimony given in support of the theory of defendant in error, covers all the essential parts of the case. The plaintiff in error fails to point out any material discrepancy, and we are unable to find any.

The third and last contention of plaintiff in error is, that the verdict " is not supported by the testimony and is contrary to law." For the purpose of deciding this question it has been necessary for us to carefully examine all the testimony introduced in the case, and we have done so. Each of the seven reasons assigned by plaintiff in error in support of this contention, if viewed from the standpoint of the truthfulness of the testimony of plaintiff in error and his witnesses, is unquestionably good and the verdict would have to be set aside. And it is fair to say that in some respects the stronger reason seems to sustain the view contended for by them. But if we adopt the theory of fact presented by defendant in error and his witnesses, as the jury must have done, then the view of the plaintiff in error cannot be adopted and the verdict of the jury must be allowed to stand. The jurors are the triers of fact and their verdict cannot be molested unless clearly wrong.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.