NORMAN HOFFMAN, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
77 N. W. 2d 592

Filed June 15, 1956. No. 33969.

*Dryden & Jensen,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is the second appearance of this case in this court. It was previously reported as Hoffman v. State, 160 Neb. 375, 70 N. W. 2d 314. The case is an error proceeding from the district court for Buffalo County, Nebraska, in a criminal action wherein Norman Hoffman was tried and convicted on a charge of causing death while engaged in the unlawful operation of an automobile. Following conviction he was sentenced to serve a term of not less than 1 year nor more than 3 years in the State Reformatory.

By this proceeding Hoffman, the plaintiff in error, who will hereinafter for convenience be referred to as defendant, seeks a reversal of the conviction and sentence.

His brief contains five assignments of error as grounds for reversal: (1) The court erred in giving instruction No. 7 of its own motion; (2) the court erred in giving instruction No. 11 of its own motion; (3) the court erred in giving instruction No. 15 of its own motion; (4) the court erred in receiving evidence of expert witness, Dr. R. D. Johnson, as to intoxication; and (5) the evidence is not sufficient to sustain a conviction.

A determination upon these assignments of error requires a brief review of the essential phases of the crime charged against the defendant and the evidence in support of it.

The essentials of the charge are that on May 16, 1954, the defendant was engaged in the operation of an automobile and while so engaged he unlawfully so operated it that he caused it to collide with another motor vehicle, which other motor vehicle was being lawfully driven on a highway, in such manner as to cause the death of one Billy Carlson. The sufficiency of the charge is not brought into question.

In brief detail the record of the evidence in support of the charge discloses that on the afternoon of May 15, 1954, the defendant with the deceased, Billy Carlson, came to Grand Island, Nebraska, in an automobile belonging to the defendant and that after arrival at Grand Island the two partook of numerous drinks of alcoholic liquor after which at about 3 a. m. on May 16, 1954, they left Grand Island and started westward toward Kearney, Nebraska. The evidence of consumption of liquor came from the defendant on the trial of the case.

At or near the east edge of Kearney, Nebraska, the automobile in which defendant and Carlson were riding collided with the rear end of a truck going in the same direction. The truck was caused to leave the highway to the right. Defendant's automobile left the highway to the south or left and came to rest an undetermined but quite considerable distance to the west. The truck

was badly damaged and defendant's automobile was practically demolished. The defendant was seriously injured and Carlson was killed. Defendant's automobile had two doors with two separated front seats and a rear seat. After the automobile came to rest Carlson was in the right front seat and was hanging partly outside the car on that side. The defendant was in the left front or driver's seat but was somewhat to the right of what may be regarded as the driver's proper position.

After the automobile came to rest the defendant was taken to the hospital where according to a State's witness he said that he was the driver of the automobile. The State adduced no direct evidence, as distinguished from circumstantial evidence, that the defendant was driving the automobile. The defendant testified that Carlson was the driver and that he was asleep in the back seat of the car and had no knowledge of what occurred after leaving Grand Island until about 6 hours after the collision. A witness also testified that at the hospital the defendant consented that a sample of his blood could be taken. A sample of the blood was taken and testimony discloses that it contained .24 percent of alcohol by weight. A witness called as an expert testified effectually that in his opinion alcohol in the blood in excess of .15 percent was sufficient to lower the mental and physical abilities of the person.

The State adduced direct evidence that the truck which was struck by defendant's automobile was moving westward in its proper lane of travel when struck and that, shortly before, it was examined and that its lights were in proper condition and lighted. There is no evidence to the contrary and none from which a contrary inference could reasonably be drawn.

The defendant denied that he knowingly either stated that he was driving the automobile or that he consented to the taking of the sample of blood.

It was on this evidence that the jury found the de-

fendant guilty of causing the death of Carlson while he was unlawfully operating an automobile.

As is apparent from what has been said the information is sufficient to embrace any unlawful operation of an automobile causing death. The court however in the instructions defining the issues submitted only unlawful operation by reason of gross and excessive negligence. The State presented its case in part on the theory that there was involved operation under the influence of intoxicating liquor but that theory was not submitted in the instruction defining the issues. It was referred to later but only in definition of statutory duties. Of this however no complaint is made.

As pointed out by the first assignment of error the defendant asserts that the court erred in giving instruction No. 7 of its own motion. The second is that the court erred in giving instruction No. 11. As we interpret, these two are presented together. Under these the legal principle as follows is presented: "An instruction reciting the provisions of statutes regulating and controlling the speed of motor vehicles should include therein all the material applicable statutory limitations and qualifications to enable a jury to observe and understand the duty of drivers at the time and place in question." Harding v. Hoffman, 158 Neb. 86, 62 N. W. 2d 333. See, also, Hamblen v. Steckley, 148 Neb. 283, 27 N. W. 2d 178.

There has been a failure to discover in the presentation of the first assignment any real suggestion of error in instruction No. 7. Instruction No. 11 contains a definition of statutory duties. Apparently the basis of the objection to instruction No. 11 is not that the duties of the defendant were not properly defined, but that there was a failure to define the duties and obligations of the operator of the truck upon the highway.

There is no evidence to indicate that the driver of the truck operated it in any wise contrary to any provisions of statute.

Instructions as to the manner of the operation of the truck would have been proper only if there was evidence tending to show that the operation was an independent intervening cause.

A prosecution under the act under which this case is prosecuted is in its nature a prosecution for manslaughter. In a prosecution under this act this court said: "In manslaughter cases, this court has generally held that the negligence or unlawful acts of another driver which proximately contributed to the death, as distinguished from an independent intervening cause thereof, is not a defense if the evidence is sufficient to sustain the conclusion beyond a reasonable doubt that defendant's negligence or unlawful acts were also a proximate cause of the death of another." Birdsley v. State, 161 Neb. 581, 74 N. W. 2d 377. See, also, Schultz v. State, 89 Neb. 34, 130 N. W. 972, 33 L. R. A. N. S. 403, Ann. Cas. 1912C 495; Benton v. State, 124 Neb. 485, 247 N. W. 21; Vaca v. State, 150 Neb. 516, 34 N. W. 2d 873.

There is no evidence in this case justifying a reasonable inference that the operation of the truck was an intervening proximate cause of the collision.

Under this conception it must be said the first and second assignments of error are without merit.

By the third assignment of error the defendant contends that the instruction defining the term, "under the influence of intoxicating liquor," is improper. The only claimed error is that the terminology departs from the terminology employed by this court in Danielson v. State, 155 Neb. 890, 54 N. W. 2d 56. It is not pointed out where in substance there is any real distinction between the definition in that case and the instruction in this case. The same conclusion with inevitability and without peradventure flows from the two definitions. The definition contained in the instruction, as follows, given in this case is approved: "You are instructed that the term 'under the influence of intoxicating liquor,' means that a person is under the influence of alsoholic

(alcoholic) liquor if such person is under such influence of intoxicating liquor to such an extent as to have lost to an appreciable degree the normal control of his body or mental faculties, and to the extent that there is an impairment of the capacity to think and act correctly and efficiently."

The fourth assignment of error is an assertion in effect that it was error to receive the opinion of the witness, Dr. R. D. Johnson, as to whether or not the alcoholic content of the blood of the defendant was sufficient upon which to say that he was under the influence of intoxicating liquor. The error is predicated upon the proposition that the opinion was based on a hypothetical question containing a statement or statements of fact not in evidence.

The only factual element included in the question of which there was no evidence which we have been able to discover is the matter of the age of the defendant. In the hypothetical question the answer was required to respond to an assumption as to a man from 25 to 30 years of age. This had application to the defendant. In truth there was no evidence in the record at that time as to the defendant's age.

This was of course error. It is erroneous to include in a hypothetical question statements of fact in the absence of evidence thereof. The rule as stated in Ballard v. State, 19 Neb. 609, 28 N. W. 271, is the following: "Hypothetical questions to experts must be framed so as to fairly reflect facts either admitted or proved by other witnesses and must not assume as proven that which has not been, nor should they be based upon conclusions of fact which can only be found by a jury." See, also, Morrill v. Tegarden, 19 Neb. 534, 26 N. W. 202; Landis & Schick v. Watts, 84 Neb. 671, 121 N. W. 980; Chambers v. Chicago, B. & Q. R. R. Co., 138 Neb. 490, 293 N. W. 338.

It may not well be said however on the review by this court that the error was prejudicial. It became

harmless by evidence voluntarily given by the defendant himself. He testified that he was 28 years of age. This was within the age range specified in the hypothetical question to which the answer responded. This court said in Gorman v. Bratka, 139 Neb. 84, 296 N. W. 456: "Harmless error in the admission of evidence is not sufficient ground for the reversal of a judgment."

The fifth and last assignment of error is that the evidence is insufficient to sustain a conviction. As a background for consideration of this assignment it is pointed out that proof was required that the defendant was driving the automobile; that while so doing he operated it into the rear end of the truck; that in consequence of this Carlson was killed; and that the operation of the automobile was in an unlawful manner.

As pointed out, the court in instruction No. 7 limited illegality of operation within the charge to gross and excessive negligence. By instruction No. 11 the jury was told, as a matter of statute, that: (1) " 'The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distqnce (distance) and shall not again drive to the right of the roadway until safely clear of the overtaken vehicle,' " (2) " 'No person shall operate a motor vehicle on any highway outside of a city or village at a rate of speed greater than is reasonable and proper, having regard for the traffic and use of the road and the condition of the road, nor at a rate of speed such as to endanger the life or limb of any person, nor in any case at a rate of speed exceeding fifty miles per hour between the hours of sunset and sunrise,' " and (3) " 'It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquir (liquor).' "

Further by this instruction and instruction No. 7 the jury was told substantially but quite clearly that before it could find the defendant guilty it must find beyond a reasonable doubt that he operated his automobile in

violation of one or more of these statutory provisions, and in addition thereto that the operation was grossly negligent.

While of course the requirement of the instructions that there was a burden on the State to show gross negligence can have no determining significance in this case, since the verdict was one of guilty, it appears that attention should be called to the fact that this phase of the instructions was erroneous and should not have been submitted. The law exacts no such requirement of proof in cases such as this.

The evidence of the State in proof of the charge in most phases was circumstantial. The jury was instructed as to the basis for consideration of such evidence. There is no contention that the instruction in this respect was improper. The proper rule is as stated in Jeppesen v. State, 154 Neb. 765, 49 N. W. 2d 611, as follows: "To justify a conviction on circumstantial evidence, it is necessary that the facts and circumstances essential to the conclusion sought must be proved by competent evidence beyond a reasonable doubt, and, when taken together must be of such a character as to be consistent with each other and with the hypothesis sought to be established thereby and inconsistent with any reasonable hypothesis of innocence."

The record of the evidence discloses without question that Carlson was killed as the result of a collision of defendant's automobile with the rear end of the truck. A reasonable inference, if not an inescapable one, flows from the evidence that the collision took place in the right or westbound lane of traffic. In this light it is reasonably inferable, if not inescapably so, that the driver violated the statute requiring him to pass to the left at a safe distance.

In the light of the consequences of the collision as shown by the evidence, it is reasonably inferable that the driver was driving at a rate of speed that was greater than was reasonable and proper in violation of statute.

From the condition and position of the automobile, the surrounding conditions as disclosed, and the position of the defendant and of Carlson in the automobile it is reasonably inferable that the defendant was the driver. There was evidence sufficient to justify a reasonable inference that at the time the defendant was under the influence of intoxicating liquor and that because of this, in violation of statute, the collision and death came about.

Thus there was competent evidence of probative value in support of the issues and each element thereof for consideration by the jury. The applicable rule to apply under these circumstances is stated in Morgan v. State, 51 Neb. 672, 71 N. W. 788, as follows: "It is the province of the jury to determine the circumstances surrounding, and which shed light upon, the alleged crime; and if, assuming as proved the facts which the evidence tends to establish, they can be accounted for upon no rational theory which does not include the guilt of the accused, the proof cannot, as a matter of law, be said to have failed." This quotation is repeated in the opinion in Kitts v. State, 153 Neb. 784, 46 N. W. 2d 158.

Under this rule, in the first instance, it is a function of the jury to weigh the circumstantial evidence and to test it by the following rule found in Morgan v. State, *supra,* and repeated in Kitts v. State, *supra:* "The test by which to determine the sufficiency of circumstantial evidence in a criminal prosecution, is whether the facts and circumstances tending to connect the accused with the crime charged are of such conclusive nature as to exclude to a moral certainty every rational hypothesis except that of his guilt."

If the jury does so find, that finding may not, as a matter of law, be disturbed on review by this court if the evidence supporting the finding sustains some rational theory of guilt.

In this case there was competent circumstantial evidence of probative value from which a jury could rea-

sonably infer that the defendant was the driver of the automobile, that he operated it in violation of law in one or all of the phases presented, and that the violation or violations were the proximate cause of the collision and the death of Carlson.

It must be said therefore that the fifth assignment of error is without substantial merit.

Other questions have been argued in the brief which have not been presented by assignments of error. They will not be considered herein, first, for the reason that there is an absence of assignment, and second, for the reason that nothing of merit has been presented in support of them.

The judgment of the district court is affirmed.

AFFIRMED.