IN RE INTEREST OF GUY.
MICHAEL STEVEN GUY, A MINOR, APPELLANT, v. GORDON M. DOESCHOT, APPELLEE.
162 N. W. 2d 524

Filed November 15, 1968. No. 36861.

Frost, Meyers & Farnham and Duane J. Dowd, for appellant.

Donald M. Knowles and J. Thomas Rowen, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This action was initiated in the separate juvenile court of Douglas County, Nebraska, to declare 16-year-old Michael Steven Guy a "delinquent" child. The basis for the action was a charge of breaking and entering a grocery store. Guy was adjudicated delinquent and ordered committed to the Boys' Training School at Kearney, Nebraska.

On September 8, 1967, at approximately 2:45 a.m., Mrs. Mostek was awakened by the sound of glass breaking. Her home is approximately half a block from the Vey's Foodland Grocery Store. When she looked across the street, she observed "two boys" who both entered the store. One was blond and one had dark hair, and one was shorter than the other. She called the police. She again looked at the front of the store and saw both boys come out of the store. Later the boy with the blond hair went back into the store, and the boy with the dark hair was walking up and down in front of the store. After 2 or 3 minutes, the unidentified boy in front of the store ran south on Sunshine Drive toward Drexel Street. She watched him until some trees blocked her view. She could not see as far as the intersection of Sunshine Drive and Drexel Street. After a short period of time, she observed the police arrive with "a figure" in the car.

Meanwhile, two police officers in a cruiser had received the call to proceed to the store to investigate the burglary. The call was received at 2:50 a.m. The officers were proceeding west on Drexel Street, with the lights turned out. As they neared Forty-second Street, they observed someone running east on the sidewalk on the north side of Drexel Street. They turned the spot-

light on him and he stopped. The officers spoke to him briefly, placed him in the cruiser, and proceeded to the store. From the point at which the officers stopped the appellant, they could see the roof of the store about half a block away. When the officers arrived at the store, they joined other officers already at the scene and assisted in the arrest of another individual who was found in the store. No incriminating evidence of any kind was found on the appellant when he was searched. There is no evidence in the record as to whether the appellant's hair was blond or dark, nor whether he was taller or shorter than the individual who was arrested in the store.

The State moved to dismiss the case until a later date after a portion of the evidence had been introduced, and for a continuance at the time the State rested. Counsel for the State said that the State did not think it could prove its case without the testimony of the other individual arrested in the store and that that testimony would not be available until a later time. The continuance was denied. The appellant introduced no evidence and moved for dismissal. The motion was overruled and the adjudication of delinquency and order of commitment followed.

The appellant contends that the evidence is insufficient to sustain the judgment, and that the standard of proof in juvenile cases based on a charge of crime must be beyond a reasonable doubt rather than by a mere preponderance of the evidence. We deem it unnecessary to discuss the constitutional issue of the burden of proof required in juvenile court. Under either a civil or criminal standard of proof, the evidence was insufficient. The unexplained presence of an individual on a public sidewalk in the vicinity of the place where a crime has been committed at a time shortly afterward is insufficient to carry the burden of proof, no matter which standard is applied in juvenile court.

In a civil case, Raff v. Farm Bureau Ins. Co., 181 Neb.

444, 149 N. W. 2d 52, we said: "Plaintiff may establish his case by circumstantial evidence as well as by direct evidence, yet circumstantial evidence is not sufficient to sustain a verdict unless the circumstances proved by the evidence are of such nature and so related to each other that the conclusion reached by the jury is the only one that can fairly and reasonably be drawn therefrom."

"Where several inferences are deducible from the facts presented, which inferences are opposed to each other but equally consistent with the facts proved, the plaintiffs do not sustain their position by a reliance alone on the inferences which would entitle them to recover." Popken v. Farmers Mutual Home Ins. Co., 180 Neb. 250, 142 N. W. 2d 309.

"The test by which a jury shall determine the sufficiency of circumstantial evidence in a criminal prosecution is whether the facts and circumstances tending to connect the accused with the crime charged are of such conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilt." Hoffman v. State, 162 Neb. 806, 77 N. W. 2d 592. See, also, Reyes v. State, 151 Neb. 636, 38 N. W. 2d 539.

An adjudication of delinquency based on a specific charge of misconduct should not be affected by facts, conclusions, or inferences outside the record, nor on the mere fact that some unfavorable circumstances are not satisfactorily explained. A juvenile is surely entitled to a presumption of innocence on a specific charge of misconduct, whether the juvenile court is governed by civil or criminal standards of proof in delinquency proceedings.

The evidence here is insufficient to support the judgment. Appellant's motion to dismiss should have been sustained. The judgment is therefore reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

CARTER, J., dissenting.

On September 8, 1967, about 2:45 a.m., a Mrs. Mostek was awakened by the sound of breaking glass. She saw two boys in a nearby grocery store and called the police. One boy was apprehended in the store. The other boy ran from the scene. The police picked up the defendant while apparently running from the scene of the crime. I submit that these circumstances sustain a finding that defendant was a participant in the crime. A boy was seen running from the store and the police brought defendant back from the direction in which the boy was seen running, all of which occurred within a few minutes of 2:45 in the early morning. Even if defendant had been charged with a crime, the circumstantial evidence was sufficient to sustain a finding of guilt by a jury.

The majority opinion relies upon the rule that circumstantial evidence to be sufficient to sustain a verdict must be of such a nature and so related to each other that the conclusion reached is of such conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilt. This is a rule of circumstantial evidence going to the weight of the evidence that is applicable only to the jury. After a jury returns a finding of guilt, the only issue before this court is whether or not the evidence was sufficient to sustain a finding of guilt.

In Hoffman v. State, 162 Neb. 806, 77 N. W. 2d 592, this court, in a criminal case based largely on circumstantial evidence, said: "Under this rule, in the first instance, it is a function of the jury to weigh the circumstantial evidence and to test it by the following rule found in Morgan v. State, supra, and repeated in Kitts v. State, supra: 'The test by which to determine the sufficiency of circumstantial evidence in a criminal prosecution, is whether the facts and circumstances tending to connect the accused with the crime charged are of such conclusive nature as to exclude to a moral certainty every rational hypothesis except that of his guilt.'

* * * If the jury does so find, that finding may not, as a matter of law, be disturbed on review by this court if the evidence supporting the finding sustains some rational theory of guilt." In State v. Ohler, 178 Neb. 596, 134 N. W. 2d 265, we said: "The jury considered the evidence, and concluded that it was sufficient to find the defendant guilty beyond a reasonable doubt and, in so doing found that the facts were consistent with each other and with his guilt, and that they were inconsistent with any reasonable hypothesis of innocence. Under the facts and circumstances shown, the foregoing questions constituted issues of fact for the jury and not this court."

In our most recent decision on this point, Spencer, J., speaking for the court, said: "Crimes such as murder are usually secretive, and it is the unusual case which occurs in the presence of witnesses. Consequently, there can always be some doubt as to whether a defendant should be convicted on circumstantial evidence. As we said in State v. Ohler, supra: 'To justify a conviction on circumstantial evidence it is necessary that the facts and circumstances essential to the conclusion sought must be proved by competent evidence beyond a reasonable doubt, and when taken together must be of such a character as to be, consistent with each other and with the hypothesis sought to be established thereby, and inconsistent with any reasonable hypothesis of innocence.'

"In State v. Ohler, supra, we restated what has long been the rule in this jurisdiction: 'After a jury has considered the evidence in the light of the foregoing rules and returned a verdict of guilty, the verdict on appeal may not, as a matter of law, be set aside for insufficiency of the evidence if the evidence sustains some rational theory of guilt.'" State v. Williams, *ante* p. 257, 159 N. W. 2d 549.

But this is not a criminal case and there was no jury. The trier of the facts found that defendant was a participant in the crime. On appeal, the only question for determination is whether or not the evidence was

sufficient to sustain the trial court's finding. I submit that it was.

Mrs. Mostek was awakened by the sound of breaking glass. She saw two boys in the Vey's Foodland Grocery Store and called the police. One of the boys was apprehended by the police at the scene of the crime. Mrs. Mostek saw one boy run south. The police picked up the defendant approximately one-half block from the store. He was running hard at the time although he had turned east. He was within one-half block of the store and within sight of the roof of the store. The store was entered about 2:45 a.m., and defendant was picked up by the police within minutes of that time. While Mrs. Mostek was unable to identify the boys, defendant fitted the general description of one of the boys she saw in the store. No other boys were found in the neighborhood. That defendant was in flight is not questioned and his explanation that he was "out for a walk" at 2:45 in the morning in close proximity to a store that had been recently burglarized is lacking in credibility under the circumstances. The police testified that they apprehended defendant about 2 minutes after receiving the call to go to Vey's Foodland Grocery Store. I submit that the foregoing evidence, although circumstantial, was sufficient to sustain the finding of the trier of the facts that defendant was a participant in the robbery and, consequently, a delinquent. I fail to see how any impartial, reasonable man could fail to find the defendant a participant in the burglary under the foregoing circumstances.

I submit that this court is in error in testing the evidence by the rule applicable only to juries in weighing the evidence and in holding further that the evidence does not support a finding that defendant was a delinquent.

It is for these reasons that I respectfully dissent.

WHITE, C. J., joins in this dissent.

NEWTON, J., concurring in part and dissenting in part.

I concur with the majority opinion to the extent that I do not believe the evidence in this case is sufficient to sustain the finding and judgment of the trial court.

I disagree with the legal basis upon which the majority opinion is founded. In this respect, I concur with the dissenting opinion of Carter, J.