IN RE INTEREST OF STEVEN WILLIAM DAHLBERG.
GORDON M. DOESCHOT, APPELLEE, V. STEVEN WILLIAM
DAHLBERG, APPELLANT.
167 N. W. 2d 190

Filed April 18, 1969. No. 37076.

Charles H. Truelsen, for appellant.

Donald L. Knowles and J. Thomas Rowen, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The appellant, Steven William Dahlberg, was adjudicated to be a child in need of special supervision and

placed on 6 months probation by the separate juvenile court of Douglas County, Nebraska. The appellant's motion for new trial was overruled and he has appealed. The principal assignments of error relate to the sufficiency of the evidence to sustain the findings and order of the juvenile court.

The review in this court is de novo upon the record. State ex rel. Weiner v. Hans, 174 Neb. 612, 119 N. W. 2d 72; Mullikin v. Lutkehuse, 182 Neb. 132, 153 N. W. 2d 361.

The petition alleged that on May 4, 1968, the appellant maliciously damaged a Ford automobile owned by Gary Mann and assaulted Larry Spratlin. The allegations refer to separate incidents which occurred on the same night.

The evidence shows that the appellant was driving a green 1957 Chevrolet station wagon south on Seventy-second Street in Omaha, Nebraska, at about 11 p.m., on May 4, 1968. Between Cass and Dodge Streets the station wagon, while passing the Mann automobile, swerved toward it. As it did so, a youth named Weiss leaned out of the station wagon and shouted obscenities at the Mann automobile. The incident was repeated about a block south of Dodge Street and again just north of Pacific Street. At this time, a beer bottle thrown from the Ford automobile struck the station wagon. The station wagon passed the Mann automobile again near the entrance to Ak-Sar-Ben, and at that time Weiss had a tire iron in his hand. When the Mann automobile stopped for a traffic light at Mercy Road, the station wagon stopped about a half block ahead and Weiss came back and struck the right door of the Ford automobile with the tire iron, damaging it.

The evidence relating to the assault is not as clear. Spratlin testified that he was driving west on Dodge Street when a green or blue 1957 Chevrolet station wagon passed him. The passengers in the station wagon were looking at the Spratlin automobile and motioning

toward it. While Spratlin was stopped for the traffic light at Seventy-eighth Street, Weiss got out of the car behind Spratlin and struck Spratlin twice in the face. Spratlin could not see who the driver was, but he took the license number of the car, and the driver was identified later at the police station.

The appellant testified in his own behalf and denied that he purposely swerved the station wagon toward the Mann car. His explanation was that the brakes pulled to the right. The appellant admitted that Weiss was shouting obscene words from the station wagon but claimed that he did not know that Weiss did such things. He admitted that he had been with Weiss for about 3 hours that evening.

The evidence establishes, clearly, that the appellant was a participant in the incident involving the Mann automobile. The evidence fully sustains the finding of the juvenile court that the appellant is a child in need of special supervision because he deports himself so as to injure or endanger seriously the morals or health of himself or others. § 43-201 (5) (c), R. R. S. 1943.

It is unnecessary to consider the assignment of error with respect to the standard of proof applied by the juvenile court. The review here is de novo and the evidence is sufficient to sustain a finding against the appellant beyond a reasonable doubt. See Guy v. Doeschot, 183 Neb. 557, 162 N. W. 2d 524.

The judgment of the juvenile court is affirmed.

AFFIRMED.