In re Interest of Danny Geiger.
Andrew J. McMullen, appellee, v. Danny Geiger, a
child under the age of eighteen years, appellant.
169 N. W. 2d 431

Filed July 18, 1969. No. 37135.

Munro, Parker, Munro & Grossart, for appellant.

Andrew J. McMullen, pro se.

Heard before White, C. J., Carter, Spencer, Boslaugh, Smith, McCown, and Newton, JJ.

White, C. J.

This is a juvenile court proceeding. The appellant, Danny Geiger, was adjudicated to be a child and in need of special supervision and placed on probation by the juvenile court of Buffalo County, Nebraska. The appellant's motion for new trial was overruled and he has appealed. The principal assignments of error relate to the sufficiency of the evidence to sustain the findings and order of the juvenile court, and the failure of the trial court to grant the defendant a jury trial.

A review in this court of a proceeding under the Juvenile Court Act is de novo upon the record. Doeschot v. Dahlberg, *ante* p. 303, 167 N. W. 2d 190.

The petition alleges in substance that on or about March 15, 1968, the appellant broke into and stole money from popcorn vending machines belonging to a vendor and located in three different business establishments in the city of Kearney, Nebraska.

The evidence shows that there were popcorn vending machines located at Emil's Frontier Station, Mel's Texaco Service Station, and Bob's Apco Service Station in Kearney and that Danny Geiger had gone to these places at about the time alleged in the petition. The popcorn machines take nickels and dimes. The evidence shows that these machines are operated under a franchise agreement with a vending machine company called Vendit. A 5-pound bag of popcorn is placed in the machine and will yield from 65 to 72 10-cent sacks of popcorn when either a dime or two nickels are inserted in the machine. The money trips a switch which has a counter on it and the machine then dispenses a measured amount of popcorn into a sack. The only way the popcorn can be taken from the machine other than by inserting money is to force the top or by opening the top of the machine with a key. A companion of Dannys testified that he and Danny went to Bob's Apco; that he had gone inside to get a bottle of pop, started back outside to sit down in the car, but stood at the door; and that he saw Danny "get into the machine." He testified that he saw Danny open the popcorn machine with a key and that Danny threw the key in the trash can at Bob's Apco. This same companion testified that he saw Danny around the popcorn machine at Emil's Frontier about a week before he threw the key away (at Bob's Apco). He testified that he went into Emil's Service with Danny; that there was conversation with him about whether the key would fit the machine; and that he, the companion, would go back out to the car and when Danny came back he sometimes gave him money. At Mel's Texaco the same companion testified that he sat in the car; that he did not see Danny actually get into the popcorn machine; but that he did observe him go in and see him around the popcorn machine. He testified that he saw him around the machine at Mel's Service Station about a week before Danny threw the key away. Another companion of Dannys testified that on or about

the 15th of March he went with Danny to Mel's Texaco and Emil's Frontier in Kearney. He knew that Danny had a key for a popcorn machine. He waited in the car at Mel's Texaco while Danny went into the service station and saw him get two packs of potato chips and sit down at a table and eat one pack. When Danny came out they left in the car and after they left Mel's Texaco Danny gave him 30 cents in the form of two nickels and two dimes.

The evidence shows that Danny was employed at the Landmark Cafe in Kearney, Nebraska; and that the particular key in question, No. HN 2, was reported missing to the vending machine operator by the manager of the Landmark Cafe on approximately July 15, 1967. The vending machine operator testified that on or about the 15th day of March he checked the machine at Emil's Frontier and found 40 cents in the machine and an empty storage bin. The evidence negatives any inference that the popcorn vending machines were entered by force. The vending machine operator testified that he personally put popcorn in the machines at Emil's Frontier and Mel's Texaco and then went back again and found the popcorn gone and no money except the 40 cents in the cash box at Emil's Frontier.

There is other evidence in the record which we do not deem necessary to recite in this opinion. The evidence in this case is both direct and circumstantial. The evidence is sufficient beyond a reasonable doubt to sustain the trial court's findings. The evidence shows: (1) That Danny was in possession of a key which he had taken unlawfully and two witnesses saw Danny in possession of the popcorn machine key; (2) that Danny threw the key in the trash can at Bob's Apco as stated and conceded in appellant's brief; (3) that Danny was actually seen entering one of the popcorn machines; and (4) that the popcorn and the money were both missing from the machines which in normal operation would

have had either the popcorn or the money contained within them, or both.

On appeal, we hold on trial de novo the evidence fully sustains the finding of the juvenile court that the appellant is a child in need of special supervision because he deports himself so as to injure or endanger seriously the morals or health of himself or others. § 43-201 (5) (c), R. R. S. 1943.

As we stated in Doeschot v. Dahlberg, *supra*, it is unnecessary to consider the assignment of error with respect to the standard of proof applied by the juvenile court. The review here is de novo and the evidence is sufficient to sustain the finding against the appellant beyond a reasonable doubt. See Guy v. Doeschot, 183 Neb. 557, 162 N. W. 2d 524.

The other assignments of error relate to the constitutional right to a jury trial, the right to bail, and other incidents of "due process" asserted to follow the holding of the United States Supreme Court opinion in In re Gault, 387 U. S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527. These contentions have been discussed and answered by the controlling opinion of this court in DeBacker v. Brainard, 183 Neb. 461, 161 N. W. 2d 508. The essence of that holding, for the purposes of this decision, is that a juvenile court proceeding, under the controlling statute in the State of Nebraska, is a civil proceeding and under the doctrine of parens patriae, the constitutional guarantees of a jury trial and the incidents thereto are not applicable to a juvenile proceeding under our statute.

The judgment of the district court is correct and is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

For the reasons stated in the dissents in DeBacker v. Brainard, 183 Neb. 461, 161 N. W. 2d 508, I respectfully dissent herein.

It is to be noted that four judges of this court were

of the opinion in that case that the statute involved herein was unconstitutional, but because of our constitutional provision requiring the concurrence of five judges to declare an act unconstitutional the opinion of the four judges did not prevail.

BOSLAUGH, McCOWN, and SMITH, JJ., join in this dissent.