**In re The Interest of Jimmy HERRON and Raymond Herron.**

**No. 2–56087.**

Supreme Court of Iowa.

Nov. 14, 1973.

Jones, Cambridge, Carl, Feilmeyer & Landsness, and Terrance G. Rutherford, Atlantic, for respondent-appellant, Linda Jacobsen.

Harold G. DeKay, Atlantic, for Jimmy and Raymond Herron.

Richard C. Turner, Atty. Gen., Thomas R. Hronek, Asst. Atty. Gen., and Lorna L. Williams, Special Asst. Atty. Gen., Des

Moines, and Ray Harham, Co. Atty., Atlantic, for petitioner-appellee.

Heard by MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

REES, Justice.

This is an appeal from an order of the trial court finding the children named, Jimmy Herron and Raymond Herron, to be dependent and neglected children and without proper parental care because of the faults or habits of their parents or other custodian, and who were found by the court to be living under conditions injurious to their mental or physical health or welfare. In its order, the court placed the custody of said children with the Department of Social Services of Cass County.

The children, aged 8 and 5, respectively, as of the date of the hearing in January of 1973, are the children of Linda Jacobsen, born out of wedlock. At the time of the hearing, the mother of the children had been married to Carl Edward Jacobsen for about three years, and one child, Robert, who is not involved in this matter, then aged 2, was the issue of the marriage. The family lived in Massena in Cass County, where the stepfather was employed as a trucker or farm laborer.

Petition of the juvenile probation officer represented that the two children were dependent within the purview of the statutes of the State of Iowa relating to the care, guidance and control of dependent, neglected and delinquent children for they were living under conditions injurious to their mental or physical health and welfare; that the stepfather, Carl Edward Jacobsen, was unable to distinguish unusually harsh treatment of the children from other types of discipline; and that the mother, Linda Jacobsen, was unable to bring pressures to bear upon her husband to change his behavior. The petition represented that the "parents of the children" were: Linda Jacobsen, mother, and that the father was unknown.

Notice of time and place of hearing pursuant to § 232.45, The Code, 1973, was served upon the mother, Linda. No notice was served upon the stepfather.

The mother of the children, Linda Jacobsen, as appellant here, asserts the trial court erred:

(1) In its finding that the minor children, Jimmy and Raymond Herron, were dependent.

(2) In finding that the said children were neglected.

(3) In admitting into evidence a psychiatric evaluation of Carl Edward Jacobsen which is referred to in the record as State's Exhibit 1; and

(4) In making a finding of dependency and neglect as to Carl Edward Jacobsen when the said Jacobsen was not a party to the original petition.

█ I. As we have noted above, the mother, Linda, and the stepfather had been married for a period of three years at the time of the hearing, and the children, Jimmy and Raymond, had lived in the household during all of that time. The record indicates that the stepfather had provided for their creature comforts in large part and had assumed all of the duties and obligations of parenthood toward them.

Section 232.45, The Code, 1973, provides:

"The court shall have notice. of the time, place, and purpose of the hearing served on the parents of the child, the petitioner, the guardian of the person of the child, the person having legal custody of the child, and individual standing in loco parentis of the child, and the guardian ad litem of any party."

We find ourselves unable to reach any conclusion other than that Carl Edward Jacobsen at and prior to the time of the filing of the petition in this matter, was standing in loco parentis to the children. It would appear, therefore, that he was entitled to notice of the time, place and pur-

pose of the hearing, as by the above statute required.

True, Jacobsen appeared at the hearing and testified. His voluntary appearance at the hearing as a witness does not obviate the necessity of notice as required by the statute above. See Orcutt v. State, 173 N. W.2d 66 (Iowa 1969). The failure to afford the stepfather of the children with notice of the time, place and purpose of the hearing necessitates reversal. Counsel for the appellant, Linda Jacobsen, contends that Carl Edward Jacobsen was not represented by counsel, irrespective of the fact that the court in its order recited that Jacobsen was represented by the same counsel as appeared in behalf of his wife, Linda. It is apparent from the Appendix that Jacobsen was not so represented by counsel, and the court was obviously in error in so stating in its order.

II. In her third assigned error, appellant contends the court erred in admitting into evidence a psychiatric evaluation of Carl Edward Jacobsen, which is identified in the record as State's Exhibit 1.

State's Exhibit 1 is an initial evaluation, so styled, of Carl Edward Jacobsen made on March 23, 1972 by one Alvin L. Newbold, a psychiatric social worker connected with Southwest Iowa Mental Health Center. Newbold was not present at the hearing, and did not testify. His written evaluation contains reference to a statement made to him by Carl Jacobsen that he (Jacobsen) had an explosive outburst of temper at which time he put a gash in the head of his seven-year-old son (obviously referring to Jimmy Herron). The evaluation goes on to say that Jacobsen told Newbold that on one other occasion he hit the same boy with an oil can.

Jacobsen under oath unequivocally denied he had made any such statements or admissions to Newbold. He further stated that he had at no time administered harsh or severe discipline to the boys, and that his discipline usually consisted of spanking them and sending them to bed for any infraction of rules. He is corroborated in this by his wife, the mother of the children. However, a social service worker, Ms. Booth, testified that Linda Jacobsen told her during an interview that her husband had struck Jimmy and knocked him down. Linda Jacobsen denied she at any time made any such statement to anyone and further testified that her husband had never administered harsh or severe punishment to the boys.

The evaluation of Jacobsen made by Mr. Newbold was admitted into evidence over objection on the part of counsel for the appellant, who objected to its introduction on the basis that it was hearsay, that it denied counsel's right to cross-examination of the actual person who made the report, and that it violated the best evidence rule.

Measured against the standards laid down by this court in In re Meyer, 204 N. W.2d 625 (Iowa 1973); In re Delaney, 185 N.W.2d 726 (Iowa 1971); and State v. Fisher, 178 N.W.2d 380 (Iowa 1970), we conclude the court erred in admitting into evidence the psychiatric evaluation report made by Mr. Newbold. The Newbold report was not authenticated in any way. There is no showing the report was read or exhibited to Jacobsen or that he had been apprised in any manner of the context thereof. The admissions allegedly made by him as to physical abuse of the children referred to in the report were directly and unequivocally denied.

The report was referred to by Dr. Catlin, a witness for the Social Services Department, and his conclusions and opinion were based thereon. Dr. Catlin at no time saw Jacobsen and placed absolute reliance on Newbold's evaluation of him. As the reliability and trustworthiness of Newbold's evaluation was controverted, we are forced to conclude the court erred in admitting it. Section 622.28, The Code, does not eliminate proof of the reliability of a report or evaluation of this kind. State v. Fisher, *supra,* 178 N.W.2d at p. 383.

III. Several witnesses, school personnel, and neighbors of the Jacobsen family testi-

fied to instances of harsh, severe and unusual disciplinary measures which Carl Edward Jacobsen had used in disciplining Jimmy and Raymond. We believe trial court was justified on the record before it in finding that the stepfather of the children had abused them. Based on the failure to afford notice of time, place and purpose of hearing on the stepfather, Carl Edward Jacobsen, and on the error of the court in admitting the evaluation report of the psychiatric social worker, Mr. Newbold, we reverse the trial court, and remand for further hearing, with notice to be served upon the stepfather, Carl Edward Jacobsen.

However, in light of the evidence which we feel tends to establish the abuse of the children involved here by their stepfather, we direct the trial court to provide for their temporary custody with the Cass County Department of Social Welfare pending hearing on this case on remand.

This case is, therefore, reversed and remanded for further proceedings in conformity with this opinion.

Reversed and remanded.