**In the Interest of Phillip James WHEELER, Appellant.**

No. 2–57681.

Supreme Court of Iowa.

May 21, 1975.

Spellman, Spellman, Spellman & Spellman, Perry, for appellant.

Richard C. Turner, Atty. Gen., Lorna Lawhead Williams, Sp. Asst. Atty. Gen., Theodore R. Boecker, Asst. Atty. Gen., and Gregory Hulse, Asst. County Atty., for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

This appeal is from a district court judgment finding Phillip James Wheeler, age 15, a delinquent and committing him to the Iowa Training School for Boys, Eldora, Iowa. We affirm.

Phillip's juvenile problems became apparent when he was seven years of age. His father is in prison. His mother's parental rights were severed by court order and he was placed in legal custody of Dallas county department of social welfare. Thereafter Phillip was in a number of foster homes, YMCA Boy's Home, Johnston, Iowa, and Boy's Town at Omaha, Nebraska. Testimony indicated Phillip ran off many times from YMCA Boy's Home and at least once from Boy's Town.

August 20, 1971, a petition alleging Phillip's delinquency was filed. The proceeding came before the court and was continued on several subsequent occasions. An answer was filed October 15, 1973, raising constitutional issues. Meanwhile the county department became discouraged and asked to be relieved of custody. The juvenile court then placed custody in the fifth judicial district juvenile probation office with authority for that office to place Phillip in his mother's home. The matter was again continued.

August 27, 1974, an amended petition was filed. It was alleged Phillip was a delinquent child under § 232.2(13), The Code, 1973. Specific allegations asserted he 1) had violated State law [§ 232.2(13)(a)] by breaking and entering with intent to commit a public offense (§ 708.8) and 2) had habitually deported himself in a manner injurious to himself or others [§ 232.-2(13)(d)] by breaking and entering and committing lascivious acts with a minor. An amended answer denied all these allegations, incorporated the prior answer, and raised additional constitutional questions.

Upon pre-hearing motion for adjudication of law points the constitutional objections were overruled. At hearing evidence was introduced to show Phillip and another juvenile had broken into a swimming pool building and taken candy. The boys had been drinking beer. The "lascivious act" was proved by a mother who testified she had found Phillip in his mother's apartment engaged in sexual intercourse with her 11-year-old daughter.

A "Family Record" compiled by the juvenile probation office was admitted into evidence, as was testimony of the Dallas county sheriff concerning jail cell damage which Phillip may have caused just prior to the hearing.

The appeal to this court seeks review of the following issues: 1) Is § 232.31, The Code, unconstitutional on its face and as applied because it allows determination of delinquency on "clear and convincing" evidence? 2) Did trial court err by admitting evidence of acts other than those specified in the amended petition? 3) Is § 232.-2(13)(d), The Code, unconstitutionally vague or overbroad on its face or as applied?

I.  Section 232.31, The Code, provides, *inter alia*:

> "The court's finding with respect to neglect, dependency, and delinquency shall be based upon clear and convincing evidence under the rules applicable to the trial of civil cases  *  *  *."

Phillip asserts when a finding of delinquency is grounded upon commission of an act which would constitute a crime if committed by an adult it is constitutionally impermissible to apply the "clear and convincing" standard of proof rather than the requirement of proof beyond a reasonable doubt.

We do not agree with the State's contention this ground was not raised below.

■ The State now concedes when the basis of a delinquency charge is an alleged public offense due process requires proof beyond a reasonable doubt. Appellee's brief, pp. 2–3; In re Winship, 397 U.S. 358, 368, 90 S.Ct. 1068, 1075, 25 L.Ed.2d 368, 377–378 (1970); In re Henderson, 199 N.W.2d 111, 124 (Iowa 1972) (concurring opinion); see In re Gault, 387 U.S. 1, 13, 87 S.Ct. 1428, 1436, 18 L.Ed.2d 527, 538 (1967).

■ Assuming, although its order does not so disclose, the juvenile court here used the lesser standard, reversal is not required if in our de novo review the evidence satisfies the reasonable doubt standard and requires delinquency adjudication. In re Henderson, supra at 124; In re Geiger, 184 Neb. 581, 584, 169 N.W.2d 431, 433 (1969); In re Dahlberg, 184 Neb. 303, 305, 167 N.W.2d 190, 192 (1969).

We hold evidence of the breaking and entering charge convinces beyond a reasonable doubt. Each element of the crime was established. The only "sufficiency" challenge made by Phillip relates to his specific intent in light of some evidence of drinking. See State v. Sill, 199 N.W.2d 47, 49 (Iowa 1972). Baker, the boy who was with Phillip, testified he did not know how much beer Phillip drank but thought he was intoxicated. But he also testified Phillip told him he wanted to get some candy and then entered the building and got candy. A law officer who observed Phillip after his apprehension the same evening noted nothing which would indicate he was not in full control of his mental and physical faculties. He opined Phillip was not under influence of an alcoholic beverage. We are not persuaded by Baker's testimony.

Phillip also argues the juvenile court applied the same unconstitutional standard of proof with respect to the "habitual deportment" subsection of § 232.2(13). He also argues the allegation of lascivious acts charged a crime (required to be proved beyond a reasonable doubt) despite being subsumed under the "habitual deportment" allegation.

We are not required to resolve either of these contentions. Although in a colloquy from the bench immediately following the testimony the court stated it was "going" to find Phillip a delinquent for violating the State breaking and entering law and also for drinking intoxicating liquors and engaging in sexual intercourse with a minor, this was not his ultimate order. The "Order of Court" subsequently written and filed September 4, 1974, specified the only ground for delinquency was breaking and entering. It did not purport to incorporate, even by reference, the court's prior remarks.

Phillip's notice of appeal specifies he appeals from "final Judgment and Order of the above entitled Court entered herein on the 4th day of September, 1974 * * *." Appeal is from the "order or decree." Section 232.58, The Code. An "order" is "[e]very direction of the court, made in writing and not included in the judgment or decree * * *." Rule 119, Rules of Civil Procedure.

■ Phillip was not adversely affected by the court's remarks following the hearing, but by the order ultimately filed. Thus he is a "party aggrieved" only with respect to the breaking and entering specification, not the alleged lascivious acts or habitual deportment. See § 232.58, The Code. His lack of standing with reference to the latter issues similarly deflects his constitutional attacks under the rule "the constitutionality of a statute may not be attacked by one whose rights are not, or are not about to be, adversely affected by the operation of the statute." Vietnam Vets. Against War v. Veterans M. Aud. Com'n, 211 N.W.2d 333, 335 (Iowa 1973) and citations; see State v. Osborn, 200 N.W.2d 798, 803 (Iowa 1972).

II. In his second proposition relied on for reversal Phillip complains the court admitted into evidence a "Family Record" compiled by the juvenile probation office, and testimony of the sheriff with reference to jail damage.

The "record," apparently prepared pursuant to § 232.14, The Code, violated the provision of that section which states, "Where the allegations of the petition are denied by the child * * * by written denial * * * at the time the parties appear voluntarily, the investigation shall not be made until after the allegations have been established at a hearing." See Harter v. State, 260 Iowa 605, 614–615, 149 N.W.2d 827, 832–833 (1967). Much of the material was unnecessary and probably irrelevant to the adjudication of delinquency under these specifications but would be valuable in the dispositional stage of determining appropriate treatment. A properly bifurcated hearing would avoid such problems. In re Henderson, supra at 124; Harter v. State, supra.

Such reports and associated documents, and the extent to which § 232.31 permits their use, create issues we have confronted in several appeals. In Interest of Osborn, 220 N.W.2d 632 (Iowa 1974); In re Interest of Herron, 212 N.W.2d 474 (Iowa 1973); In re Meyer, 204 N.W.2d 625 (Iowa 1973); In re Henderson, supra; In re Delaney, 185 N.W.2d 726 (Iowa 1971); Orcutt v. State, 173 N.W.2d 66 (Iowa 1969); Harter v. State, supra; In re Yardley, 260 Iowa 259, 149 N.W.2d 162 (1967).

The question is whether we are required to review those issues or the issue of admissibility of the sheriff's testimony concerning jail damage occurring after the petition was filed and not alleged therein or in the notice, see In re Meyer, supra at 626, when the juvenile court may have disregarded this evidence in finding delinquency on the sole specification of breaking and entering. Clearly, this evidence may be ignored in our review, Harter v. State, supra 149 N.W.2d at 830, which is *de novo*. In re Miller Children, 228 N.W.2d 60 (Iowa 1975).

Phillip tenaciously and adroitly argues this evidence was admitted over proper objection and even though trial was to the court, prejudice is presumed and reversal is mandated unless the record shows affirma-

tively it was afterwards discarded, citing In Interest of Osborn, supra at 634 and Bellew v. Iowa State Highway Commission, 171 N.W.2d 284 (Iowa 1969). Cf. In re Interest of Herron, supra at 476.

In *Osborn*, supra at 634, we quoted the following from the *Bellew* decision:

"Where, then, improper evidence is admitted in the trial of an action at law, though the trial be to the court, prejudice is presumed and judgment will be reversed unless the record shows affirmatively that it was afterward discarded."— 171 N.W.2d at 291.

We do not view *Osborn* as adopting the above rule (which on its face is confined to a law action) for hearings under Chapter 232, The Code. The reference to *Bellew* in *Osborn* was apparently designed to emphasize the court's overt rejection, on the record, of the questioned evidence.

■ In 1965 there was a massive overhaul of Chapter 232. Acts 61 G.A., Regular Session, Ch. 215. Section 1 of that legislation repealed all of Chapter 232, The Code, 1962, including § 232.13 which directed juvenile court to "try the cause in equity." Nonetheless, the present chapter provides the hearing "may be conducted in an informal manner," § 232.27, and the appeal provides a "review of questions of * * * fact," § 232.58, The Code. It is clear that litigation under Chapter 232 is not a law action, irrespective of our ambivalence as to its exact nature. Compare In re Morrison, 259 Iowa 301, 306, 144 N.W.2d 97, 100 (1966) with Orcutt v. State, supra at 70; In re Delaney, supra at 728; Chambers v. District Court of Dubuque County, 261 Iowa 31, 34, 152 N.W.2d 818, 820 (1967).

Thus we find the *Bellew* rule inapplicable in a Chapter 232 proceeding where our review is *de novo*, permitting us to arrive at a new or modified determination based on admissible evidence only. See In re Henderson, supra at 123 ("If evidence had been received subject to such objection, we could disregard any evidence as to which the objection was good. Our review is *de novo*.").

As this appeal is postured and considered, we hold Phillip is not prejudiced by the court's ruling relating to the above evidence. We do not consider it in our *de novo* review and are not required to pass on the merits of his objections.

█ III. Phillip asserts § 232.2(13)(d), defining "delinquent child" to mean a child "Who habitually deports himself in a manner that is injurious to himself or others," is unconstitutional both on its face and as applied. He argues the constitutional vagueness test articulated in State v. Willis, 218 N.W.2d 921, 923 (Iowa 1974) must apply equally to § 232.2(13)(d) because that statute does not define its prohibitions and forbids or requires the doing of an act or acts in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application.

Constitutional attacks on other provisions of Chapter 232, based upon deprivation of due process because of vagueness, were rejected in In re Morrison, supra, 259 Iowa at 311–312, 144 N.W.2d at 103. The issue raised here is unlike the problem presented by an indefinite petition, which we have indicated may be resolved by a motion for more specific statement. In re Henderson, supra at 117; Harter v. State, supra, 260 Iowa at 615, 149 N.W.2d at 833.

However, for the same reasons set out in division I, we are not required to reach this issue. Phillip was not declared delinquent under the provisions of § 232.2(13)(d) and therefore has no standing to attack the constitutionality of that statute. Vietnam Vets. Against War v. Veterans M. Aud. Com'n, supra, and citations.

In our *de novo* review we find the juvenile court was right in its determination, and the cause is affirmed.

Affirmed.