In the Interest of Faith POTTER, a child, Appellant.

No. 2–58513.

Supreme Court of Iowa.

Jan. 21, 1976.

John Werner of Mickelson & Roan, Toledo, for appellant Faith Potter.

Richard C. Turner, Atty. Gen., Lorna Lawhead Williams, Special Asst. Atty. Gen., Stephen P. O'Meara, Asst. Atty. Gen., and Donald G. Juhl, Asst. Tama County Atty., for appellee State of Iowa.

Heard by MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

This is an appeal from juvenile court order finding appellant, Faith Potter, delinquent pursuant to section 232.2(13)(d), The Code, 1973. On June 23, 1975 the court ordered Faith be placed with and committed to the custody of the Director of the Bureau of Family and Children's Services, Iowa Department of Social Services with the recommendation she be placed at the Iowa Girls Training School at Mitchellville. The repeal of section 232.2(13)(d) by the 66 G.A. chapter 142, section 1, became effective July 1, 1975 and does not affect the issues in this case.

The appeal on behalf of the child challenges only the sufficiency of evidence to support the lower court order. We find clear and convincing evidence in the record to support the ruling and therefore affirm.

The definition of delinquent child in section 232.2(13)(d) is one "Who habitually deports himself in a manner that is injurious to himself or others."

■ I. We first consider the quantum of proof required in this matter. In a juvenile proceeding where a juvenile is charged with an act which would constitute a crime if committed by an adult, the State must prove its case beyond a reasonable doubt. *In Re Winship*, 397 U.S. 358, 359, 90 S.Ct. 1068, 1069, 25 L.Ed.2d 368, 372; *In Interest of Wheeler*, Iowa, 229 N.W.2d 241, 243; *In Re Henderson*, Iowa, 199 N.W.2d 111, 121. Where, however, the basis for the proceeding is conduct potentially "injurious to the juvenile or others" and not "commission of a public offense," due process is satisfied by application of the "clear and convincing evi-

dence" standard of proof, rather than "beyond a reasonable doubt." *Winship,* supra, 397 U.S. at 359, 90 S.Ct. at 1070, 25 L.Ed.2d at 372; *Henderson,* supra, 199 N.W.2d at 121.

II. Our review is de novo. Rule 334, Rules of Civil Procedure; *In Re Meek,* Iowa, 236 N.W.2d 284, filed December 17, 1975. We give weight to the findings of trial court but are not bound by them. Rule 344(f)(7), R.C.P.

III. The record reveals Faith Potter, born July 3, 1958, resided with her parents and six of her eleven brothers and sisters in a very small house near the Tama Indian Reservation. Her parents experienced poor health and were unable to provide adequate supervision and guidance for Faith. Her father reported she acted very strangely at times and suspected she was using drugs. Faith left home and at her request was placed in a foster home. She did not adapt to that foster home and ran away. She "wanted to be free." The Tama County Department of Social Services' placements in other foster homes brought the same result. Once she went to Waterloo, Iowa, and after a few days was returned to Tama County and another foster home. In May 1975 she hitchhiked, mostly with truckers, to Los Angeles where she was taken into custody by California Juvenile Officers. Upon being returned to Tama, delinquency proceedings were commenced. She was temporarily committed to the Iowa Girls Training School where she displayed misconduct problems.

Psychiatric evaluations made at Mitchellville indicated marginal personality disorders. The staff psychiatric evaluation at Mitchellville diagnosed Faith as suffering from a "manic depressive reaction" and recommended commitment to the training school for the purpose of providing support and counseling to her. She had admitted use of LSD and marijuana. The social worker testified to Faith's "sexual acting out" and agreed with the psychological reports that creating a structured environment for Faith was very important to her productive development.

Under our de novo review of the entire record, we find clear and convincing evidence to support trial court's ruling. We are convinced the best interests of Faith Potter are protected by the lower court's order.

Affirmed.