**In the Interest of D.L.C. a/k/a D.H., A Child, Appellant.**

No. 90–404.

Supreme Court of Iowa.

Jan. 23, 1991.

Mayer Kanter, Sioux City, for appellant.

Thomas J. Miller, Atty. Gen. and Gordon E. Allen, Deputy Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, CARTER, and ANDREASEN, JJ.

ANDREASEN, Justice.

This appeal arises from an adjudication by a district associate judge acting as juvenile court judge that D.L.C., a minor, committed delinquent acts by sexually abusing a child under age twelve. Iowa Code § 602.7101 (chief judge shall designate district judges and district associate judges to act as judges of the juvenile court); Iowa Code § 232.2(12)(a) (1987) ("delinquent acts" defined); Iowa Code §§ 709.1 and 709.3 (second-degree sexual abuse defined).

The appellant claims (1) there was insufficient evidence to support the finding that D.L.C. committed a delinquent act, and (2) the juvenile court used improper standards of proof and review of the juvenile court referee's decision. We find there is sufficient evidence to support the delinquency finding. We conclude any failure by the juvenile court properly to review the referee's decision is harmless because our review on appeal is de novo. We conclude the delinquency adjudication was correct and affirm.

### I. *Standard of Review—Supreme Court.*

Both parties agree our review is de novo. We review questions of both law and fact. Iowa Code § 232.133(1); *In re J.D.S.*, 436 N.W.2d 342, 343 (Iowa 1989). We give weight to the fact-findings of the trial court, especially when considering credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7); *In re J.D.S.*, 436 N.W.2d at 343.

### II. *Review of Referee's Decision—Juvenile Court.*

■■■ Here, judge William E. Adams found his review of the juvenile referee's findings was for the correction of errors of law, not de novo. The court reached this conclusion upon its interpretation of Iowa Code section 602.7103. The court also found the decision reached by the referee was "supported by substantial evidence."

D.L.C. urges the juvenile court should review the referee's decision de novo and that the State must prove its allegation of sexual abuse by proof beyond a reasonable doubt. We agree.

Under prior law, parties to a juvenile court proceeding could request a "rehearing" before a juvenile judge following a delinquency adjudication based on a referee's findings of fact. Iowa Code § 231.3 (1983). We held the "rehearing" was a rehearing on the record made before the referee. *In re Dugan*, 334 N.W.2d 300, 303 (Iowa 1983).

Chapter 231 was repealed in 1983, and the provisions relating to juvenile referees now are contained in Iowa Code section 602.7103. This section provides in part:

2. The referee shall have the same jurisdiction to conduct juvenile court proceedings and to issue orders, findings, and decisions as the judge of the juvenile court, except that the referee shall not issue warrants. However, the appointing judge may limit the referee's exercise of juvenile court jurisdiction.

3. The parties to a proceeding heard by the referee are entitled to a review by the judge of the juvenile court of the referee's order, finding, or decision, if the review is requested within ten days after the entry of the referee's order, finding, or decision. A request for review does not automatically stay the referee's order, finding or decision. The review is on the record only, unless the judge, upon request or upon the judge's own motion, orders otherwise. In the interests of justice, the judge may allow a rehearing at any time.

Parties are not required to seek a juvenile court judge's review of a referee's decision to render it final for the purpose of appeal but may do so. *In re D.W.K.*, 365 N.W.2d 32, 34 (Iowa 1985). Although section 602.7103 does not expressly provide for de novo review, we believe the review of a juvenile referee's finding by the juvenile court should be the same as ours. Both are de novo and on the record only.

### III. *Burden on Proof.*

■■■ The State has the burden of proving the allegations of the petition alleging that a child has committed a delinquent act.

Iowa Code § 232.47(4). The child is presumed to be innocent of the charges, and no finding that the child has engaged in delinquent conduct may be made unless the State has proved beyond a reasonable doubt that the child engaged in such behavior. Iowa Code § 232.47(10). An interested party aggrieved by an order or decree of the juvenile court may appeal from the court for review of questions of law or fact. Iowa Code § 232.133.

Although the judge of the juvenile court utilized the wrong standard of review, it is unnecessary for us to return the case to the juvenile court. We review the facts and law de novo, and thus cure the improper juvenile court review. *See In re Wheeler*, 229 N.W.2d 241, 243 (Iowa 1975).

## IV. *Sufficiency of Evidence.*

The juvenile court referee, Brian L. Michaelson, made specific findings of fact and concluded the State had proven beyond any reasonable doubt that in 1987 D.L.C. had performed "sex acts" with a child under the age of twelve. The evidence included testimony of the seven-year-old victim and her older brother. There was corroborating medical evidence. The victim described two incidents of sexual abuse with D.L.C. Her brother observed one of the abuse incidents and testified as to his observations and involvement. This is competent evidence that D.L.C. committed delinquent acts.

We are not required to accept the testimony of D.L.C. that he did not perform "sex acts" with the victim. His denial does not create a reasonable doubt. The credibility afforded the testimony of the minor children by the referee is given consideration by us. Where there is a conflict in the evidence the fact finder must decide which evidence is credible and which is not.

From our de novo review of the evidence, we conclude the State did prove beyond a reasonable doubt that D.L.C. committed the delinquent acts alleged in the petition.

AFFIRMED.